(31 Abb. N. C. 365.)

## WUNSCH v. WEBER et al.

(Common Pleas of New York City and County, Trial Term. April, 1894.)

DAMAGES—PHYSICAL EXAMINATION OF PLAINTIFF.

 Code Civ. Proc. § 873, as amended by Laws 1893, c. 721, provides that,. where defendant in an action for personal injuries is ignorant of their nature and extent, the court, on the application of defendant, shall direct. the plaintiff to submit to a physical examination by one or more physicians or surgeons to be designated by the court. *Held*, that such physicians may ask plaintiff any.questions which in their opinion are necessary to enable them to ascertain fully the nature and extent of the injuries.

Action by Frederick Wunsch against Louis Weber and Edward Weber for personal injuries. On the physical examination of plaintiff before trial, objections were made to questions being asked by the physician, referee, or defendants' attorney, as irrelevant, immaterial, and not within the scope and purport of the order of reference.

Before CLARENCE F. BIRDSEYE, Esq., Referee.

R. Dulany Whiting, for plaintiff.
Charles C. Nadal, for defendants.

BIRDSEYE, R. The amendment to sections 872 and 873 of the Code of Civil Procedure, under which this examination is taken, authorizes an entirely new procedure in actions to recover damages for personal injuries; and, so far as I can ascertain, the practice upon such an examination has never been determined. As this objection goes to the foundation of the whole examination and the method of conducting it, it is proper to state the rules which, it seems to me, should govern the taking of the testimony. The examination is had under sections 872 and 873 of the Code of Civil Procedure, as amended by chapter 721 of the Laws of 1893. Section 872 is amended by inserting in subdivision 4 thereof, which relates to the statements of the affidavit to be made in obtaining an order for the examination, the following words:

"And if the action is to recover damages for personal injuries, that the defendant is ignorant of the nature and extent of such personal injuries.".

Section 873 is amended by adding after the second sentence thereof the following words:

"In every action to recover damages for personal injuries, the court or judge, in granting an order for the examination of the plaintiff before trial,. may, if the defendant apply therefor, direct that the plaintiff submit to a physical examination by one or more physicians or surgeons, to be designated by the court or judge, and such examination shall be had and made under such restrictions and directions as to the court or judge shall seem. proper. In any action brought to recover damages for personal injuries, where the defendant shall present to the court or judge satisfactory evidence that he is ignorant of the nature and extent of the injuries complained of, the court or judge shall order that such physical examination be made."

These amendments seem to materially enlarge the scope of an examination of an opposing party before trial if, indeed, they do not authorize an entirely new procedure in such cases. As frequently happens, where statutes have been amended so as to ma-

terially enlarge their scope or incorporate into them new subjects, the ingrafting of this amendment upon the former provisions of the Code has not been very artistically done, and considerable is left for judicial construction as to the exact meaning of the statute. In arriving at such construction, it is necessary to consider the law as it stood and the words of the amendment itself. In the first place, this amendment becomes a part of article 1 of title 3 of chapter 9 of the Code of Civil Procedure. The chapter relates to evidence, and article 3 to depositions taken and to be used within the state, and section 871 prescribes that the article, as a whole, is to apply to the depositions provided for, including those for the examination of parties before trial. The amendment to section 873 seems to be in two parts. The first sentence provides that:

"In every action to recover damages for personal injuries, the court or judge granting an order for the examination of the plaintiff before trial may, if the defendant apply therefor, direct that the plaintiff submit to a physical examination by one or more physicians or surgeons to be designated by the court or judge."

This seems to be simply an additional point on which, and a new way in which, the plaintiff can be examined in an ordinary examination before trial; and this sentence of the amendment appears to provide that on such an examination the plaintiff may be questioned as to any of the matters covered by the law as it formerly stood, and may also be physically examined by one or more physicians to be appointed by the court. The second sentence of the amendment, however, covers a case like the present, where the defendant presents satisfactory evidence to the court or judge "that he is ignorant of the nature and extent of the injuries complained of." Under this second sentence, it is evident that such matters only as are necessary to ascertain "the nature and extent of the injuries complained of" can be inquired into. This statute, which is somewhat blind, is to be construed by the ordinary rules; and it becomes necessary—First, to ascertain and give effect to the intent of the lawmakers; second, to so construe the statute as to give effect to all parts of it; and, third, to so construe the amendment as to make it of some practical effect, and not nugatory. It is evident that the intent of the legislature was that the physical examination should disclose "the nature and extent of the injuries," for these words appear in the amendment to each section. The examination is to be made by a thoroughly disinterested and competent physician, to be appointed by the court, and not nominated by the parties. Section 873. This amendment seems to authorize the appointment of a new form of court officer, who, like a referee appointed under this article of the Code, is directly responsible to the court, and not to the parties. As the examination is for the benefit of the court and for the use of either party upon the trial (Code Civ. Proc. § 881), it should be full and complete, as well as impartial. We are all aware that a physician or surgeon cannot make a complete and thorough physical examination, especially of diseases or injuries to the internal organs, without asking of the patient his various symptoms. This must be especially so in the case of a physician or surgeon who is called in a

long time after the injury has occurred, and who, from the nature of the case, had no opportunity to study himself the symptoms of the patient at the time of and immediately after the injury. If a physician is not to ascertain these symptoms and weigh them in the light of his professional knowledge, his examination would not be of materially more value than that of a layman. Certainly, this amendment is not to be so construed as thus to render it nugatory at the very threshold of the inquiry. I shall therefore overrule the objection so far as it relates generally to any oral examination, and will give the plaintiff a general exception upon which he may raise the question of the right of the physician to ask orally any questions; and I instruct Dr. Speir that he will be allowed to ask such questions as, in his opinion, are necessary to enable him, as a physician, to ascertain and report fully upon "the nature and extent of the injuries complained of" in the complaint. If any of his questions are objected to as not material, relevant, or competent to enable him to ascertain the nature and extent of the injuries, I will pass separately upon such questions when the objection is taken.