[S. F. No. 19214. In Bank. Apr. 28, 1955.]

ROY A. SHARFF et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; BELFAST BEVERAGES, INC. (a Corporation), Real Party in Interest.

Roy A. Sharff, in pro. per., and Ivan C. Sperbeck for Petitioners.

Thomas W. Loris as Amicus Curiae on behalf of Petitioners.

Bronson, Bronson & McKinnon and John F. Ward for Respondent and Real Party in Interest.

Bledsoe, Smith & Cathcart, Peart, Baraty & Hassard, George A. Smith and Alan L. Bonnington as Amici Curiae on behalf of Respondent and Real Party in Interest.

GIBSON, C. J.—After a personal injury action was set for trial, the defendants made a motion for an order requiring the plaintiff to submit to an examination by defendants' doctor in the absence of her attorney. Plaintiff consented to the examination but requested that she be permitted to have her attorney present. The respondent court made an order directing that she "submit to an oral and physical examination concerning [her] alleged injuries, which said examination shall be performed in the absence of said plaintiff's attorney . . . and that further proceedings by plaintiff in the above entitled

action be stayed until said plaintiff . . . submits to said examination.'' This proceeding was brought to compel respondent court to allow the case to go to trial without requiring plaintiff to submit to an examination under the conditions specified in the order.

Two attorneys, who represented plaintiff in the personal injury action, joined with her in requesting relief, but they have no standing on their own behalf to challenge the validity of the order, and the proceeding is dismissed as to them.

■ Mandamus will issue, where there is not a plain, speedy and adequate remedy in the ordinary course of law, to compel performance of an act which the law specifically enjoins or to compel the admission of a party to the use and enjoyment of a right to which he is entitled and from which he is unlawfully precluded. (Code Civ. Proc., §§ 1085, 1086.) ■ The order in the present case is not appealable, and plaintiff does not have any plain, speedy and adequate remedy in the ordinary course of law. The writ is, therefore, available to test whether the court by its order has imposed an unlawful condition upon plaintiff's right to proceed to trial.

■ It has been held that the court may order a plaintiff in a personal injury action to undergo a physical examination by the defendant's doctor. (*Johnston* v. *Southern Pac. Co.*, 150 Cal. 535 [89 P. 348, 11 Ann.Cas. 841].) The doctor should, of course, be free to ask such questions as may be necessary to enable him to formulate an intelligent opinion regarding the nature and extent of the plaintiff's injuries, but he should not be allowed to make inquiries into matters not reasonably related to the legitimate scope of the examination. (See *Wood* v. *Flagg* (1907); 121 App.Div. 636 [106 N.Y.S. 308] ; *Wunsch* v. *Weber* (1894), 29 N.Y.S. 1100.) ■ Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril. The plaintiff, therefore, should be permitted to have the assistance and protection of an attorney during the examination. (See *Williams* v. *Chattanooga Iron Works* (1915), 5 Tenn. C.C.A. 10, 20-21, aff'd. 131 Tenn. 683 [176 S.W. 1031, Ann. Cas. 1916B 101].)

It is argued that an attorney, by making groundless objections, may hinder an examination, thereby depriving the defendant of the benefit of an informed medical opinion. The plaintiff, however, should not be left unprotected on the as-

sumption that an attorney will unduly interfere with the examination. Should such interference occur, appropriate steps may be taken by the court to provide the doctor with a reasonable opportunity to complete his investigation of the nature and extent of any injuries the plaintiff may have sustained.

We are of the view that the respondent court, in staying all proceedings until plaintiff should comply with the order directing her to submit to an oral and physical examination without the presence of her attorney, imposed an unwarranted condition on her right to have the case proceed to trial.

Let a writ of mandate issue directing respondent court to allow the case to be tried without requiring plaintiff to submit to a medical examination in the absence of her attorney.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.