[S. F. No. 20016.   In Bank.   Feb. 17, 1959.]

MARY FRANCES GONZI, a Minor, etc., Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; DAILY NEWS COMPANY, LTD. (a Corporation) et al., Real Parties in Interest.

No appearance for Respondent.

Barfield & Barfield, Charles V. Barfield, Jr., and Herbert Chamberlain for Real Parties in Interest.

CARTER, J.—Mary Frances Gonzi, a minor, through her guardian *ad litem,* Melchio Gonzi, petitions for a writ of mandate to compel the Superior Court of the City and County of San Francisco to grant petitioner's application to have a reporter present during a court-ordered physical examination by a doctor employed by the real parties in interest, Daily News Company et cetera, a corporation, and Fred J. Fleckin.

The petition for mandate, after alleging the appointment of the guardian *ad litem,* alleges that petitioner has a cause of action against the real parties in interest in that she sustained injuries as a result of the negligent operation and control of a certain vehicle ''on a public street in the City and County of San Francisco: That heretofore, to-wit, on or about the 27th day of August, 1957 said guardian *ad litem* above named caused to be filed in the Superior Court of the State of California, in and for the City and County of San Francisco, a Complaint for Damages against the real parties in interest above named and that said real parties in interest caused an answer to be filed on or about the 27th day of September, 1957; that said answer was filed on behalf of said real parties in interest by the law firm of Barfield and Barfield, 111 Sutter Street, San Francisco, California; that said answer denied most of the material allegations of petitioner's Complaint; that by said complaint and answer, the nature and extent of said minor petitioner's injuries as alleged in her complaint

were placed in issue.'' It is further alleged that the attorneys for the real parties in interest moved the defendant superior court for an order requiring petitioner to submit to a physical examination by Dr. Knox Finley; that petitioner in her complaint had alleged that she had suffered the following injuries: ''. . . Fractures of the skull, cerebral contusions about the body, head and limbs, severe nervous shock, and other injuries . . .'' and that as a result of the negligence of the real parties in interest, petitioner had suffered damages in the sum of $100,000. Petitioner's attorney filed an affidavit in opposition to the motion and requested that if the examining physician intended to ''ask questions of said minor, that plaintiff and her attorney be permitted, by the order of said court, to have a Court Reporter present, as well as affiant as one of her attorneys. . . .'' The trial court made its written order in which it held: ''Upon the motion of plaintiff's attorney, it is further ordered that said physical examination shall be conducted in the presence of plaintiff's attorney.

''The motion of plaintiff's attorney to have said physical examination conducted in the presence of a certified Court Reporter is denied.''

Petitioner contends that the portion of the order denying her application to have a court reporter present is prejudicially erroneous and ''beyond the Court's jurisdiction''; that she has no other adequate remedy at law ''because if the petitioner were to comply with the trial court's order an appeal from the final judgment would be moot on this question.''

In *Sharff* v. *Superior Court*, 44 Cal.2d 508, 509, 510 [282 P.2d 896], where the respondent court had made an order directing the plaintiff to submit to an oral and physical examination '' 'concerning [her] alleged injuries, which said examination shall be performed in the absence of said plaintiff's attorney . . . and that further proceedings by plaintiff in the above entitled action be stayed until said plaintiff . . . submits to said examination' '' we held that mandamus ''will issue, where there is not a plain, speedy and adequate remedy in the ordinary course of law, to compel performance of an act which the law specifically enjoins or to compel the admission of a party to the use and enjoyment of a right to which he is entitled and from which he is unlawfully precluded. (Code Civ. Proc., §§ 1085, 1086.) The order in the present case is not appealable, and plaintiff does not have any plain, speedy and adequate remedy in the ordinary course of

law. The writ is, therefore, available to test whether the court by its order has imposed an unlawful condition upon plaintiff's right to proceed to trial." ▮ We held that since the court could order a plaintiff in a personal injury action to undergo a physical examination by the defendant's doctor (*Johnston* v. *Southern Pac. Co.*, 150 Cal. 535 [89 P. 348, 11 Ann.Cas. 841]) the plaintiff should be permitted "to have the assistance and protection of an attorney during the examination." We said in the Sharff case that "Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril." The same reasoning is applicable in the case at bar. If an injured plaintiff is not permitted to have a reporter present at the court-ordered examination by defendant's doctors there is no disinterested person present to report, or later testify to, what occurred during the examination. If the defense-employed doctor is called upon to testify at the trial on the issue of plaintiff's injuries his version of the questions and answers elicited at the examination might differ materially from plaintiff's counsel's version of the same questions and answers.

▮ It appears to us that orderly procedure in the administration of justice requires that permission be granted at the request of either party for a reporter's presence in such a situation as is here presented. We are of the opinion, however, that petitioner is not entitled to a court order directing that her physical examination be conducted in the presence of a "certified court reporter" inasmuch as the orderly procedure in the administration of justice requires only that such an examination be conducted in the presence of a reporter if a report thereof is requested by either party.

▮ The real parties in interest argue that this matter is now controlled by statute since the enactment of section 2032 of the Code of Civil Procedure in 1957 (which became effective on January 1, 1958) and which provides in subsection (b) that a party subjected to such an examination may demand from the party causing the examination to be made a copy of a detailed written report of the examining physician. In view of what has been heretofore said we are of the opinion that such a report would not be a sufficient substitute for a transcript of the proceedings made by a reporter.

Let a peremptory writ of mandate issue directing respond-

ent court to permit petitioner to have a reporter present when she submits to a physical examination by the doctor employed by the real parties in interest.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.