[Civ. No. 27736. Second Dist., Div. Two. Nov. 20, 1963.]

WALTER CLAUDE DURST, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; WASHINGTON NATIONAL INSURANCE COMPANY, Real Party in Interest.

David M. Durst and Chandler P. Ward for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

FOX, P. J.—Petitioner seeks a writ of prohibition to prohibit his examination by a medical expert ordered by the court upon its own motion under section 1871 of the Code of Civil Procedure, unless the petitioner is permitted to have his counsel and a court reporter present at such examination.

Petitioner, an attorney, commenced several actions against various insurance companies seeking to recover under per-

sonal disability provisions of their policies. We are concerned here only with his action against Washington National Insurance Company, the real party in interest in the instant case, by which petitioner was an insured under an attorneys' group policy. He claims that as the result of injuries sustained in an automobile accident on December 5, 1957, he has developed a psychosis which has rendered him totally disabled, entitling him to disability payments for the remainder of his life.

Under the policy the insured is entitled to monthly benefits for a maximum of five years if the disability results from sickness, but if it results from an accident then the benefits may be payable for the remainder of the insured's life. The defendant, Washington National Insurance Company, contends that petitioner has not been permanently disabled, or in the alternative that if in fact petitioner did develop a disabling psychosis it is not the result of the accident, thereby limiting the benefits to five years.

At the pretrial conference the court was informed that the petitioner had been examined by a total of 21 doctors, including psychiatrists. Eight made their examinations at petitioner's request; three were selected by the defendant; the rest had been selected by other insurance carriers who had insured the petitioner and by various governmental agencies. The court noted that the doctors did not agree, since some suggested the possibility that petitioner might be malingering, and others found that he had a disabling psychosis which may or may not have resulted from the accident. Confronted with this situation the court, on its own motion, decided that this was an appropriate case for the appointment of an impartial medical expert under Code of Civil Procedure section 1871, having in mind that such an examination might assist the parties in reaching a settlement, or if this did not result then it would assist the trier of the facts in reaching a just decision. The court made known its intention to appoint Dr. Norman Q. Brill, Chairman of the Department of Psychiatry at the U.C.L.A. Medical School, as an impartial medical expert. Both counsel informed the court that they approved the court's intention to appoint an impartial medical expert and of the court's choice. Counsel were then invited to submit to the court any requests they might have with respect to such examination for the court's consideration. The petitioner informed the court that he would object to the examination unless he were permitted to

have in attendance his counsel and a court reporter, citing as authority *Gonzi* v. *Superior Court,* 51 Cal.2d 586 [335 P.2d 97] and *Sharff* v. *Superior Court,* 44 Cal.2d 508 [282 P.2d 896, 64 A.L.R.2d 494].

In denying the petitioner's requests the court said, in part: "I have concluded that the reasoning that led to the conclusion reached in *Gonzi* is not applicable to the examination of a party by an impartial medical expert appointed by the court; that there is no *right* to have counsel or a reporter present at such an examination, but rather the matter rests within the sound discretion of the judge making the appointment, and that in this case, exercise of such discretion leads to the conclusion that both requests should be denied.

"It may not be said here that there will be 'no disinterested person present to report, or later to testify to what occurred during the examination.' Dr. Brill is being appointed by the court because he is disinterested, impartial and qualified. His primary function is to report to the court as to what occurred during the examination and his findings as a result thereof. Therefore, the rights of plaintiff will be adequately protected without the presence of counsel or a reporter.

"In considering plaintiff's request, I have not been unmindful of the rather unusual medical problem involved, and in my opinion it would detract from the ability of the psychiatrist to conduct a meaningful examination to have counsel or a reporter present."

The court then appointed Dr. Brill to examine the petitioner, setting forth in its order the scope and purpose[1] of the examination. The order also contained the following provision: "No one will be present or within hearing distance during the examination, except plaintiff and the medical

---

[1]The order provides: "The examination shall be of such medical and psychiatric scope as shall be determined by the medical expert, including such tests, if any, as he shall deem advisable." The order further provides that the medical expert shall make a written report to the court which "shall set forth the expert's opinion respecting the following: the nature, extent, duration and causes of the disabilities, if any, from which the plaintiff is suffering, including his opinion as to whether plaintiff is suffering from a psychosis or other psychiatric disturbance, and if so, the nature, duration, extent and cause thereof, and the prognosis with respect thereto; the relationship, if any, between any such psychiatric disturbance, and the accident of December 5, 1957; whether plaintiff is totally disabled from engaging in his occupation of attorney and, if so, the duration and cause of such disability, and the prognosis as to the continuation of any such disability."

expert and his assistants, if any, nor shall plaintiff or his agent record said examination." Petitioner contends that this provision is contrary to the intent and purpose of section 1871, Code of Civil Procedure, and therefore prays for a writ of prohibition to prevent his examination under such circumstances.

The trial court was correct in its conclusion that the cases relied upon by the petitioner were not authority for the proposition that the court must allow presence of counsel and a reporter. The difference between section 1871 and section 2032 of the Code of Civil Procedure should be kept clearly in mind. Under section 2032 one of the parties may request the court to order a person to submit to examination. This examination may be conducted by the physician for the party requesting the examination, and in a sense might be considered an adversary proceeding. In contrast, under section 1871 the examination is made on the court's own motion and it may appoint an independent and disinterested expert who serves the purpose of providing the court with an impartial report.

In *Sharff* v. *Superior Court, supra,* 44 Cal.2d 508, the order was for an examination by defendant's doctor and was made at defendant's request. The court ordered that the examination be performed in the absence of plaintiff's attorney and that further proceedings by plaintiff in the action be stayed until plaintiff had submitted to said examination. It was held on appeal that the court had "imposed an unlawful condition on plaintiff's right to proceed to trial." The court stated (p. 510) that "The doctor should, of course, be free to ask such questions as may be necessary to enable him to formulate an intelligent opinion regarding the nature and extent of the plaintiff's injuries, but he should not be allowed to make inquiries into matters not reasonably related to the legitimate scope of the examination. [Citations.] Whenever a doctor *selected by the defendant* conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril. The plaintiff, therefore, should be permitted to have the assistance and protection of an attorney during the examination." (Italics added.)

In *Gonzi* v. *Superior Court, supra,* 51 Cal.2d 586, the trial court had ordered the examination to be conducted in the presence of plaintiff's attorney, but had denied the request

for the presence of a reporter. It was held, however, that the same rules should apply to each request, and that "orderly procedure in the administration of justice requires that permission be granted at the request of either party for a reporter's presence in such a situation as is here presented." (P. 589.) In that case, plaintiff, a minor female, was directed to undergo an examination at defendant's request by defendant's physician.

The instant case is clearly distinguishable from *Gonzi* and *Sharff* in two important respects. The first important factor is that in those cases the plaintiff was being examined by the defendant's physician. In *Sharff* the court discussed the interference which the presence of the attorney might cause at the examination, but concluded that it was important to have the plaintiff's rights protected. In the instant case there is no such problem present. Petitioner does not require protection and suffers no prejudice since the physician is appointed by the court as an impartial expert. He suffers no detriment by the exclusion of both his attorney and the defendant's attorney because the examining physician is not in the position of an adversary.

Nor is there any absolute right to have a reporter present at an examination conducted by a court appointed expert. In *Gonzi* the court commented that: "If the defense-employed doctor is called upon to testify at the trial on the issue of plaintiff's injuries his version of the questions and answers elicited at the examination might differ materially from plaintiff's counsel's version of the same questions and answers." (P. 589.) The court, therefore, felt that the presence of a reporter was a prerequisite to justice if either party so requested. In the instant case, however, the purpose of the examination is to allow an independent and impartial medical expert to form his opinion (as per the order of appointment) and report the same to the court. There is no "defense-employed doctor," but only the court's disinterested expert who can be called by either side or by the court to testify.

The second important distinguishing factor is that the examination here in question is more properly classified as psychiatric, as opposed to a purely physical examination.[2] In both *Gonzi* and *Sharff* the court was discussing a physical examination and there were no compelling reasons why persons should be excluded from the examination. In contrast, the instant case involves a psychiatric examination whose

---

[2] See footnote 1, *supra.*

subjective nature requires an atmosphere that is conducive to freedom of expression on the part of the examinee. In this connection Dr. Brill submitted an affidavit in which he stated: "That if declarant's psychiatric examination and report is to be effective the patient must not be distracted by the presence of other persons during the examination. That if the patient knows his statements are being recorded, he will be on the defensive, and such statements will be reserved and not completely objective.

"That if declarant is to make a neutral, unbiased, and objective psychiatric examination of patient, it is necessary that such examination not be hampered by verbatim recording of statements made or by the presence of other distracting influences or persons.

"That in the absence of such neutral and objective conditions, declarant will ask to be relieved of the court appointment to examine the patient herein." It would not be in the interest of the administration of justice if competent independent experts should refuse to make examinations at the request of the court because conditions are imposed which are, in the opinion of the expert, incompatible with an objective appraisal of the examinee.

In *Kelley* v. *Smith & Oby Co.*, (1954) 70 Ohio L. Abs. 202 [129 N.E.2d 106], the court clearly recognized the difference between an ordinary physical examination and one of a psychiatric nature, and allowed the exclusion of the plaintiff's counsel even though the examination was to be by the defendant's doctor. The defendant had made a motion to require the plaintiff to submit to a psychiatric and neurological examination by the defendant's doctors from which examination the plaintiff's counsel and all other persons would be excluded. The court allowed exclusion of all third persons from the psychiatric examination but not from the neurological examination. The court stated: "In the absence of a preponderance of proof that the best psychiatric practice requires or rejects the exclusion of third persons from a psychiatric examination it is concluded that the controlling criterion in the instant case must be the wishes of the examining psychiatrist unless patently unreasonable.

"Bearing the responsibility of rendering an honest and valid opinion concerning the plaintiff's psychiatric condition, Dr. Cohn should be permitted to conduct a psychiatric examination under conditions of his selection, unless clearly unwarranted.

"As to the psychiatric phase of Dr. Cohn's examination his insistence that the presence of a third person at the plaintiff's examination will cause the plaintiff 'to guard, alter, or disguise his responses' seems reasonable in view of the purely subjective nature of a psychiatric examination." (P. 109 [129 N.E.2d].)

The conditions under which such an examination, as is here contemplated, may be made by a court-appointed expert necessarily rest within the sound discretion of the judge making the appointment. In the instant case the trial judge remarked that "[i]n considering plaintiff's request, I have not been unmindful of the rather unusual medical problem involved. ..." The judge then concluded that "... in my opinion it would detract from the ability of the psychiatrist to conduct a meaningful examination to have counsel or a reporter present." The affidavit of Dr. Brill (quoted *supra*) supports the court's conclusion.

From the foregoing it is clear that the court did not abuse its discretion in making the order here under attack.

The alternative writ of prohibition is discharged, and the peremptory writ is denied.

Herndon, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied January 7, 1964.