[Civ. No. 30965. Second Dist., Div. One. Nov. 2, 1966.]

JOAN WHITFIELD, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CLEVELAND WRECKING COMPANY et al., Real Parties in Interest.

Leslie, Schiffer & Rubin and Lawrence Teplin for Petitioner.

No appearance for Respondent.

Morgan, Wenzel, Lynberg & Morris and Theodore P. Polich, Jr., for Real Parties in Interest.

McCOY, J. pro tem.*—These proceedings arise out of an action for damages for personal injuries by petitioner Joan Whitfield against Cleveland Wrecking Company and others.

Petitioner alleges in her complaint filed June 17, 1965, that on June 2, 1965, she was walking in the vicinity of a building which was being demolished by defendants, and that the negligence of the defendants caused "a part of said building to collapse and fall" on her. She further alleges that as a result she "sustained severe injuries to her head, face, neck, torso, limbs and nervous system, all of which caused her severe pain and discomfort . . . and that she will in the future suffer pain and discomfort." No change in these allegations was made in her amended complaint filed August 18, 1965.

On August 24, 1966, defendants moved the respondent court, pursuant to section 2032, Code of Civil Procedure, for an order requiring petitioner to submit to a psychiatric examination before a named doctor. The motion was made on the ground "that the mental condition of said plaintiff is an issue in this case by reason of her claim for damages for personal injuries; . . . and upon the further grounds that in the complaint of the plaintiff it is alleged in substance that as a direct and proximate result of the negligence of the defendants she was hurt and sustained severe injuries, which injuries have injured her health, strength, and activity, and have caused and continue to cause her great mental pain and suffering." The motion was supported only by the declaration of one of defendants' attorneys, who alleged, so far as pertinent here: "That a psychiatric examination of the plaintiff as requested by the defendants, is necessary so that the defendants can properly evaluate the mental aspects of the plaintiff's claim, and also, in order that the defendants may properly prepare a defense to the plaintiff's complaint," and "That plaintiff, through her attorney, has heretofore refused to voluntarily submit to a psychiatric examination."

When the motion was heard, petitioner agreed to submit to a psychiatric examination, but requested an order permitting her attorney and a reporter to be present. This request is reflected in petitioner's points and authorities filed with the

*Assigned by the Chairman of the Judicial Council.

respondent court in which it is stated that plaintiff wanted her attorney and a reporter present at the examination "to insure that no improper questions or procedures are employed and to have a basis for possible impeachment of defendants' doctor's conclusions by virtue of the report of the examination. . . . Since defendants cite no reason not to have a reporter or counsel present or any affidavits indicating that such presence will hamper the examination, plaintiff requests that her attorney and a reporter be allowed to be present at such an examination." Even though this memorandum of points and authorities was served on defendants' attorneys nearly two weeks before the date set for hearing of the motion, no further affidavits were filed by defendants in support of their motion.

On August 24 the following minute order was entered: "Motion granted: per authority of *Durst* v. *Superior Court*, 222 Cal.App.2d 447 [35 Cal.Rptr. 143, 7 A.L.R.2d 874]. Neither counsel for plaintiff nor a reporter may be present at said examination." Petitioner contends that this order is prejudicial and that the denial of her request was an abuse of the discretion of the court.

Section 2032, Code of Civil Procedure, provides that "In an action in which the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental . . . examination by a physician . . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." The pleadings in this case fail to disclose that the "mental condition" of petitioner is in controversy here. Petitioner alleges, however, and the real parties in interest admit that "One of the major issues presented is the emotional damage caused to petitioner who has been under the care of her psychiatrist since October 2, 1965, for the trauma occasioned by the accident." Presumably petitioner intends to call her psychiatrist to testify. In these circumstances it would appear that petitioner's "mental condition" is in controversy within the meaning of section 2032, Code of Civil Procedure, and that defendants are entitled to have petitioner examined by a psychiatrist of their own choice pursuant to an order which complies with the provisions of section 2032.

Petitioner relies on *Sharff* v. *Superior Court*, 44 Cal.2d 508 [282 P.2d 896, 64 A.L.R.2d 494], and *Gonzi* v.

*Superior Court,* 51 Cal.2d 586 [335 P.2d 97], in support of her petition, and says that *Durst* v. *Superior Court,* 222 Cal.App. 2d 447 [35 Cal.Rptr. 143, 7 A.L.R.2d 874], is not applicable.

It was held in *Sharff* that an order staying all proceedings until plaintiff submitted to an oral and physical examination without the presence of her attorney imposed an unwarranted condition on her right to have her case proceed to trial. In reaching that conclusion the court said (p. 510) : ''The doctor should, of course, be free to ask such questions as may be necessary to enable him to formulate an intelligent opinion regarding the nature and extent of the plaintiff's injuries, but he should not be allowed to make inquiries into matters not reasonably related to the legitimate scope of the examination. (See *Wood* v. *Flagg* (1907) 121 App.Div. 636 [106 N.Y.S. 308] ; *Wunsch* v. *Weber* (1894) 29 N.Y.S. 1100.) Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril. The plaintiff, therefore, should be permitted to have the assistance and protection of an attorney during the examination. (See *Williams* v. *Chattanooga Iron Works* (1915) 5 Tenn. C.C.A. 10, 20-21, affd. 131 Tenn. 683 [176 S.W. 1031, Ann.Cas. 1916B 101].)

''It is argued that an attorney, by making groundless objections, may hinder an examination, thereby depriving the defendant of the benefit of an informed medical opinion. The plaintiff, however, should not be left unprotected on the assumption that an attorney will unduly interfere with the examination. Should such interference occur, appropriate steps may be taken by the court to provide the doctor with a reasonable opportunity to complete his investigation of the nature and extent of any injuries the plaintiff may have sustained.''

In *Gonzi* the court held that a plaintiff in an action for damages for personal injuries was entitled to have a reporter present when she submitted to a physical examination by a doctor employed by defendant. After quoting from its opinion in *Sharff* the court said : ''The same reasoning is applicable in the case at bar. If an injured plaintiff is not permitted to have a reporter present at the court-ordered examination by defendant's doctors there is no disinterested person present to report, or later testify to, what occurred during the examination. If the defense-employed doctor is called upon to testify

at the trial on the issue of plaintiff's injuries his version of the questions and answers elicited at the examination might differ materially from plaintiff's counsel's version of the same questions and answers." (*Gonzi* v. *Superior Court, supra,* 51 Cal.2d 586, 588-589.)

The order before the court in *Durst* v. *Superior Court, supra,* 222 Cal.App.2d 447, 450-451, required the plaintiff in an action for damages for personal injuries to submit to a "medical and psychiatric" examination by a psychiatrist selected by the court. The order provided that "No one shall be present or within hearing distance during the examination, except plaintiff and the medical expert and his assistants, if any, nor shall plaintiff or his agent record said examination." In sustaining this order the court held that the case was distinguishable from *Gonzi* and *Sharff* in two important respects. The first important factor is that in each of those cases the plaintiff was being examined by defendant's doctor pursuant to an order made under section 2032, Code of Civil Procedure, whereas in the case before it the examination was to be made by an independent and disinterested expert selected and appointed by the court under section 1871, Code of Civil Procedure, for the purpose of providing the court with an impartial report. In *Gonzi* and *Sharff* the proceedings were adversary. In *Durst* there was "no 'defense-employed doctor,' but only the court's disinterested expert who can be called by either side or by the court to testify." (P. 452.)

Although the examination involved here is to be conducted by a doctor selected by the party requesting the examination under section 2032, "and in a sense might be considered an adversary proceeding" (*Durst* v. *Superior Court, supra,* at p. 451), we think that the second important factor noted by the court in *Durst* as distinguishing that case from *Gonzi* and *Sharff* is more persuasive. That factor, said the court in *Durst* (pp. 452-453), "is that the examination here in question is more properly classified as psychiatric, as opposed to a purely physical examination. In both *Gonzi* and *Sharff* the court was discussing a physical examination and there were no compelling reasons why persons should be excluded from the examination. In contrast, the instant case involves a psychiatric examination whose subjective nature requires an atmosphere that is conducive to freedom of expression on the part of the examinee."

█ In *Durst* the court took note (p. 453) of the affidavit of the expert, in which he stated: "That if declarant's psychi-

atric examination and report is to be effective the patient must not be distracted by the presence of other persons during the examination. That if the patient knows his statements are being recorded, he will be on the defensive, and such statements will be reserved and not completely objective.

"That if declarant is to make a neutral, unbiased, and objective psychiatric examination of patient, it is necessary that such examination not be hampered by verbatim recording of statements made or by the presence of other distracting influences or persons." Defendants here did not submit any comparable affidavit of the doctor selected by them. We think, nevertheless, that the trial court was entitled to take judicial notice of the nature of the examination to be conducted by defendants' doctor. It is beside the point that in *Durst* the declaration of the court's expert referred to his ability "to make a neutral, unbiased and objective psychiatric examination of the patient." We must assume that defendants here expect the doctor selected by them to make a psychiatric examination which is at least unbiased and objective in order that his testimony, if offered, will convince the jury of petitioner's actual mental condition.

 We are satisfied that the court did not abuse its discretion in denying petitioner's request to have her attorney and a reporter present at the examination to be conducted by defendants' doctor.

The alternative writ is discharged, and the peremptory writ of mandate is denied.

Wood, P. J., and Lillie, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 28, 1966. Peters, J., Mosk, J., and Sullivan, J., were of the opinion that the petition should be granted.