446 P.2d 31

Norman PEDRO, also known as Norman William Pablo and the Gila River Indian Community, a corporation doing business as Community Action Program, Petitioners,

v.

The Honorable Jerry H. GLENN, Judge of the Superior Court of Maricopa County, State of Arizona, Jess H. Perkins and Darlene Perkins, Respondents.

No. I CA–CIV 911.

Court of Appeals of Arizona.

Oct. 23, 1968.

Rehearing Denied Nov. 22, 1968.

Review Denied Jan. 7, 1969.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by John H. Lyons, Phoenix, for petitioners.

Gibbons, Kinney, Tipton & Warner, by Jack C. Warner, Phoenix, for respondents.

STEVENS, Judge.

The petitioners are defendants in a personal injury action filed in the Superior Court for Maricopa County and will herein be referred to as the defendants. The respondents Perkins are plaintiffs in that action and will herein be referred to as the plaintiffs. The respondent judge entered the order in question. The respondent judge was served with the process of this Court and an appearance was entered on his behalf.

Pursuant to Rule 1 of the Rules of the Arizona Supreme Court, 17 A.R.S., the defendants have sought to invoke the jurisdiction of this Court in relation to an order entered by the respondent judge which order granted their motion for a psychiatric examination of the plaintiff. The order granted the examination "under the condition that either her counsel or a court reporter be present in an unobtrusive manner". It is the quoted portion of the order which is the basis of the application now before this Court.

Upon the filing of the petition in this Court, a Rule 1(c) order was entered setting the application for hearing. At the appointed hour, the plaintiffs and the defendants were present by their respective counsel and the application was orally presented and resisted. The plaintiffs did not present written objections at the time of the oral presentation apparently relying upon the fact that their trial court memoranda were attached to the petition. At the conclusion of the oral presentation the ques-

tion as to whether this Court would assume jurisdiction was taken under advisement. On the same day a written minute entry order was filed, a copy of which was sent to both counsel and to the respondent judge. This order stated, in part:

> "To enable the Court to determine whether or not it should assume jurisdiction, the respondents are granted to and including 20 September 1968 within which to file an additional memorandum. * * * In the event a further memorandum is filed by the respondents, petitioners are granted 10 days from the date of the receipt thereof within which to reply. * * *"

The memoranda were filed. The order in no way limited the plaintiffs in their right to controvert the allegations of the petition.

The recent Arizona Supreme Court case of Genda v. Superior Court, County of Pima, 103 Ariz. 240, 439 P.2d 811 (1968) reviews the Arizona case law in relation to Rule 1 jurisdiction and we hold that the relief sought in this Court comes within the petition. The Rule 1 jurisdiction of Arizona courts exercising appellate jurisdiction has been frequently invoked in relation to critical problems arising out of the trial court discovery procedures. For examples in both the criminal and civil field, see State ex rel. Mahoney v. Superior Court of Maricopa County, 78 Ariz. 74, 275 P.2d 887 (1954); Dean v. Superior Court In and For Maricopa County, 84 Ariz. 104, 324 P.2d 764, 73 A.L.R.2d 1 (1958); and Zimmerman v. Superior Court In and For Maricopa County, 98 Ariz. 85, 402 P.2d 212 (1965).

The record before us discloses that the Perkinses filed an action seeking recovery for injuries allegedly received as a result of claimed actionable negligence. During the course of trial preparation it became apparent that there is an issue as to whether the Perkinses sustained injuries of a psychiatric nature. The defendant sought and secured an order for a psychiatric examination pursuant to Rule 35 of the Rules of Civil Procedure, 16 A.R.S. Federal Rule 35 as reported in Volume 2A, Federal Practice and Procedure, Barron and Holtzoff, is identical with the Arizona Rule. The rule states, in part:

> "35(a) Order for examination. In an action in which the mental * * * condition of a party is in controversy, the court * * * may order him to submit to a * * * mental examination by a physician. The order * * * shall specify the time, place, manner, conditions, and scope of the examination * * *."

In connection with the hearing on the entry of the order, the attorneys for Perkins insisted that a court reporter, or that one of the attorneys, be present during the examination. They urged that this is a matter of right and that such presence is necessary to protect Perkins from improper questions. They urge that questions might be asked by the examining physician which call for evidence which would be inadmissible in relation to the issues or that questions might be asked which would be in violation of the Perkins' rights against self-incrimination, there being an indication of a possible excessive use of narcotics brought on by the injuries sustained by one of the plaintiffs. Perkins urged that the order of the respondent judge was wholly proper and was authorized by the rule wherein the rule provides that the order "shall specify the * * * manner, (and) conditions * * * of the examination * * *". The defendants presented to the respondent judge the affidavit of the appointed examining physician and we quote from the affidavit in part, as follows:

> "That in order for him to make an objective psychiatric examination of these individuals, it is necessary that said examinations be conducted out of the presence of any third person;

> "That in his experience, the presence in the examination room of a third person, particularly one who is interested in the outcome of the examination, will cause a

patient either consciously or unconsciously to alter or disguise his responses;

"That because of the above, any evaluation of a patient's condition following such an examination would be suspect and of questionable validity."

■ The question before us is whether there was an abuse of discretion by the trial judge it being our opinion that the broad judicial discretion authorized by Rule 35 is subject to the limitation that the discretion exercised must be reasonable under the circumstances of the particular case.

There are numerous cases from other jurisdictions relating to physical examinations and cases distinguishing physical examinations from psychiatric examinations. There are cases relating to psychiatric examinations. Our attention has been called to the annotation in 3 ALR 3rd beginning at Page 881. Among other cases to which our attention has been directed are the following: Dziwanoski v. Ocean Carriers Corp., 26 F.R.D. 595 (D.C., 1960); Durst v. Superior Court of Los Angeles County, 222 Cal.App.2d 447, 35 Cal.Rptr. 143, 7 A.L.R.3d 874 (1964); Sharff v. Superior Court of City and County of San Francisco, 44 Cal.2d 508, 282 P.2d 896, 64 A.L.R.2d 494 (1955); Gonzi v. Superior Court of City and County of San Francisco, 51 Cal. 2d 586, 335 P.2d 97 (1959); Kelley v. Smith & Oby Co., Ohio Com.Pl. 129 N.E.2d 106 (1954); Nomina v. Eggeman, Ohio Com. Pl., 188 N.E.2d 440 (1962); and Whitfield v. Superior Court For Los Angeles County, 246 Cal.App.2d 81, 54 Cal.Rptr. 505 (1966). We are not aware of any case involving the precise issues presented to us and the applicability of Rule 35 in relation thereto.

Rule 35 is a discovery rule. There are other rules relating to discovery procedures including depositions, inspection of documents, interrogatories addressed to the parties, and requests for admissions. There are provisions in the rules whereby the aid of the court can be secured or sanctions can be imposed even to the point of the dismissal of the action or the entry of the default of the offending party. Rule 37 (d). In Rule 35(b) it is provided that if the proper foundation is laid to secure the report of the physician for the party who was examined pursuant to the rule and the physician refuses to deliver a copy of his report after being ordered to do so, the testimony of the physician may be excluded. This phase of the rule was under consideration in the case of Simpson v. Heiderich, 4 Ariz.App. 232, 419 P.2d 362 (1966), (review denied).

In relation to discovery procedures, other than pursuant to Rule 35, there is active participation in all phases of the discovery process by counsel for the parties involved. This is not so under the order now under consideration. With the avowed purpose of counsel's need for his presence it is difficult to visualize his "unobtrusive presence" as authorized by the court's order.

Counsel for the party who is examined, in this instance the plaintiff, has a remedy. Pursuant to Rule 35(b) he may request that a copy of the report of the examining physician be furnished to him. He may thereafter take the deposition of the examining physician in which event the discovery rules and procedures in relation to depositions and the presentation of questions to the court prior to the trial are available. He has the opportunity of laying his foundations for objections both in before trial proceedings and in the presentation of the medical evidence at the trial.

Discovery is to be encouraged so that all parties may be adequately informed. A possible alternative to the inability of plaintiff's counsel to attend the physician's examination would be for the plaintiff to withdraw the claim for damages in relation to psychiatric problems. If this issue is to be tried, the defendant is entitled to be adequately informed prior to the trial.

In our view, the critical and controlling factor is the affidavit of the examining physician. It is a useless procedure to conduct a psychiatric examination if the examination cannot be conducted in the at-

mosphere most conducive to permitting the examining physician to reach a sound professional opinion. There are many facets to the personal background of an individual which are essential in a psychiatric examination. There are questions in relation to this type of examination which go beyond the questions usually asked of a patient or an examinee in the usual physical examination. This is true whether the examinee is a party to a civil action or a defendant in a criminal action. We do not subscribe to the idea that because a qualified medical man has been suggested by a party defendant and designated by the order of the court that a fortiori his testimony is suspect.

In our opinion a critical analysis of the case law from other jurisdictions will not enhance the value of this opinion.

We hold that it was an abuse of discretion to condition the defendant's discovery right in relation to the requested psychiatric examination by requiring that it be conducted only in the presence of plaintiff's counsel or a court reporter.

The issuance of the mandate in connection with this opinion will constitute a directive to the respondent judge to delete the words "under the condition that either her counsel or a court reporter be present in an unobtrusive manner" from the order of 7 August 1968, being the order appointing the physician to conduct the psychiatric examination.

CAMERON, C. J., and DONOFRIO, J., concur.