[Civ. No. 31070. First Dist., Div. One. June 30, 1972.]

ANGEL MUNOZ, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent,
THOMAS R. GOINGS, Real Party in Interest.

## Counsel

Boswick & Rowe and Barry Wolf for Petitioner.

No appearance for Respondent.

Popelka, Allard, Humphreys, Williams & Stenberg and James C. Jones, Jr., for Real Party in Interest.

## Opinion

**MOLINARI, P. J.**—In this case we issued an alternative writ of mandate upon a petition seeking a writ of mandate from this court directing respondent court to set aside its order compelling petitioner to submit to a physical examination by real party in interest's doctors without the presence of her attorney. Said order was made in an action brought by petitioner against real party for personal injuries arising out of an automobile accident.

In *Sharff* v. *Superior Court,* 44 Cal.2d 508, 510 [282 P.2d 896, 64 A.L.R.2d 494], it was held that "Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril. The plaintiff, therefore, should be permitted to have the assistance and protection of an attorney during the examination. [Citation.]"

Real party argues that while petitioner should be protected from improper questions, the manner in which this protection is afforded should be left to the sound discretion of the trial court. Accordingly, he argues that in

the present case such protection was afforded by a stipulation which real party offered to make at the time the instant motion was argued and which the trial court was willing to incorporate in its order. The proffered stipulation was that a court reporter could be present at the time of the examination and that all questions by the doctor would be subject to objections to be ruled upon by the court. The stipulation was rejected by petitioner.

In *Gonzi* v. *Superior Court,* 51 Cal.2d 586, 589 [335 P.2d 97], it was held that a plaintiff in an action for damages for personal injuries was entitled to have a reporter present while she was undergoing a physical examination by a doctor employed by the defendant. However, there is no suggestion in *Gonzi* that a reporter may be deemed a substitute for an attorney. Rather, the court seems to treat the reporter's presence as supplemental to the presence of an attorney and considers that a reporter's presence is proper to insure that a disinterested person is present to report what occurs during the examination. The attorney's presence at the examination serves a different purpose. He is present to prevent inquiries not reasonably related to the legitimate scope of the examination. (See *Sharff* v. *Superior Court, supra,* 44 Cal.2d 508, 510.)

Moreover, *Gonzi* clearly indicates that the presence of a reporter is not considered to be an adequate substitute for the plaintiff's attorney when it states as follows: "We held that since the court could order a plaintiff in a personal injury action to undergo a physical examination by the defendant's doctor [citation] the plaintiff should be permitted 'to have the assistance and protection of an attorney during the examination.' . . ." (51 Cal.2d at p. 589.)

In *Whitfield* v. *Superior Court,* 246 Cal.App.2d 81 [54 Cal.Rptr. 505], it was held that the trial court did not abuse its discretion in denying a request by the plaintiff to have an attorney and a reporter present at a psychiatric examination to be conducted by the defendant's doctor. (At p. 86.) *Whitfield* distinguished the case before it from *Sharff* and *Gonzi* on the basis that these two cases involved purely physical examinations where there was no compelling reason why persons should be excluded from the examination, while the case under consideration involved a psychiatric examination whose subjective nature required an atmosphere that was conducive to freedom of expression on the part of the examinee. (At p. 85; see *Durst* v. *Superior Court,* 222 Cal.App.2d 447, 450-451 [35 Cal.Rptr. 143, 7 A.L.R.3d 874].) The denial of a hearing in *Whitfield* by the Supreme Court is an indication of its approval that such a distinction may be made without doing violence to the principle it declared in *Sharff* and *Gonzi. (DiGenova* v. *State Board of Education,* 57 Cal.2d 167, 178 [18

Cal.Rptr. 369, 367 P.2d 865]; *Amaya* v. *Home Ice, Fuel & Supply Co.,* 59 Cal.2d 295, 306 [29 Cal.Rptr. 33, 379 P.2d 513].)

The instant case does not involve a psychiatric examination but a purely physical one. Accordingly, the rule declared in *Sharff* and *Gonzi* is applicable and petitioner is entitled to the presence of her attorney at such examination.

It is ordered that a peremptory writ of mandate issue requiring respondent superior court to vacate its order requiring plaintiff to submit to a physical examination in the absence of her attorney or the representative of her attorney, and to make an order requiring petitioner to submit to such physical examination and granting her request to have her attorney present at the physical examination to be conducted by real party's doctor.

Sims, J., and Elkington, J., concurred.