**Randy CLINE, et al., Plaintiff,**

v.

**The FIRESTONE TIRE & RUBBER COMPANY, et al., Defendants.**

**Civ. A. No. 1:86–1016.**

United States District Court,
S.D. West Virginia.

March 2, 1988.

G. David Brumfield, Welch, W.Va., and Harry M. Philo, Philo, Atkinson, Steinberg, White & Keenan, Detroit, Mich., for Randy Cline, et al.

William R. Wooton, Wooton, Wooton & Fragile, Beckley, W.Va., Joseph J. Feltes, Amerman, Burt & Jones Co., L.P.A., Canton, Ohio, for Firestone Tire & Rubber Co. and Firestone Canada, Inc.

## ORDER

HALLANAN, District Judge.

This matter is before the Court on Defendants' motion for Rule 35 examination and Plaintiff's motion for a Protective Order regarding Defendant's medical examination of Plaintiff. After careful consideration of the memoranda and motions submitted to the Court, the Court is now prepared to rule thereon.

It is uncontroverted from the provisions of Rule 35(a), Fed.R.Civ.P., that Defendants are entitled to conduct an independent psychological examination of Plaintiff Randy Cline inasmuch as his neuropsychological condition is in controversy. The only issues this Court need address are: (1) whether Plaintiff Randy Cline is entitled to have his attorney present during the examination; and (2) whether Defendants have adequately advised Plaintiffs of the nature and scope of the examination.

### I.

 Courts are split on the issue of whether a party is entitled to have his or her attorney present during a Rule 35 examination. This Court is of the opinion that the proper rule is that Plaintiff's attor-

ney should not be allowed to be present absent a showing of good cause. *See, Dziwanoski v. Ocean Carriers Corp.*, 26 F.R. D. 595 (D.Md.1960) and *Brandenberg v. ElAl Israel Airlines*, 79 F.R.D. 543 (S.D.N. Y.1978). Plaintiffs have failed to demonstrate any good cause. Any non-medical statements made by Plaintiff Randy Cline will be scrutinized closely and the rationale set forth in *Dziwanoski, supra*, applied to the admissibility of said statements. The Court finds that Plaintiffs will not be unfairly prejudiced by this examination and that the conduct of a psychological examination particularly dictates against allowing Plaintiff's attorney to be present. *See, Durst v. Superior Court*, 35 Cal.Rptr. 143, 222 Cal.App.2d 447, 7 A.L.R.3d 874 (1963).

### II.

 Defendants have informed Plaintiffs that the neuropsychological examination will consist of: a neuropsychological examination, cognizant testing MMPI and Wechsler Memory Scale Revised (New). The Court finds that Defendants have adequately informed Defendant of the scope of the examination and that, given the nature of Plaintiff Randy Cline's injury claims, it is within the scope provided for in Rule 35(a), Fed.R.Civ.P.

### III.

Accordingly, for the reasons cited *supra*, it hereby is ORDERED that Defendants' motion for Rule 35 examination be GRANTED and further that Plaintiffs' motion for a Protective Order regarding Defendant's medical examination of Plaintiff be DENIED.