[Civ. No. 14183. Fourth Dist., Div. One. Oct. 27, 1975.]

EVELYN LONG et al., Plaintiffs and Appellants, v.
THOMAS W. HAUSER, Defendant and Respondent;
GOVERNMENT EMPLOYEES INSURANCE COMPANY,
Real Party in Interest and Respondent.

**COUNSEL**

Jack Galen Whitney for Plaintiffs and Appellants.

Higgs, Fletcher & Mack and Donald H. Glaser for Defendant and Respondent and for Real Party in Interest and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—This appeal involves discovery. Plaintiffs Evelyn Long and John Long sued Government Employees Insurance Company (GEICO), alleging damages for personal injuries suffered by Evelyn resulting from Donald Hopster's negligence.

The parties agreed to arbitration, with Thomas W. Hauser as arbitrator.

By further agreement, Evelyn was to be physically examined by Howell E. Wiggins, M.D., a physician, acting for GEICO. Her attorney,

a court reporter, her husband and her personal physician accompanied her to Dr. Wiggins' offices on September 25, 1973. All were present without objection during Dr. Wiggins' preliminary questioning of Evelyn. Dr. Wiggins, however, forbad Evelyn's personal physician to be present during the physical examination which was to be conducted in another room. For this reason the examination did not take place.

On January 9, 1974, Hauser ordered Evelyn to submit to an examination by Dr. Wiggins without the accompaniment of her personal physician during any portion of the examination. The Longs refused, and petitioned this court for a writ of mandate to countermand Hauser's order. We denied the petition without opinion. They next petitioned the superior court and were again denied. They appeal this latest rejection.

Initially, we consider the procedural appropriateness of the Longs' choice to seek the prerogative writ in the superior court.

■ The teaching of *Pacific Tel. & Tel. Co.* v. *Superior Court,* 2 Cal.3d 161, 169-171 [84 Cal.Rptr. 718, 465 P.2d 854] is that except in extraordinary circumstances, discovery matters should remain at the trial level until the completion of the trial. This principle should also be applied to arbitration. Hauser was serving the function of a trial court, and his ruling on a routine discovery matter should not have been challenged, if at all, until the arbitration ended and the award confirmed. As inadequate as such review may be in some cases, the prerogative writs should only be used in discovery matters to review questions of first impression that are of general importance to the trial courts and the profession, and where general guide lines can be laid down for future cases (*Oceanside Union School Dist.* v. *Superior Court,* 58 Cal.2d 180, 185, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439]; *Pacific Tel. & Tel. Co.* v. *Superior Court, supra,* 2 Cal.3d 161, 169). We perceive no such widespread interest in this discovery matter.

The Longs' appeal to the superior court for the prerogative writ defeated one of the primary purposes of arbitration, the avoidance of delay. The superior court should exercise sparingly its discretion to hear the merits of petitions relating to ordinary discovery issues such as this. Too lax a view of the extraordinary nature of prerogative writs, rendering substantial pretrial appellate delay a hazard of the use of discovery, is likely to result in more harm to the judicial process than the denial of immediate relief from less significant errors (*Pacific Tel. & Tel. Co.* v. *Superior Court, supra,* 2 Cal.3d 161, 170). Accordingly, the appellate

court should view with disfavor appeals from the decisions which the superior court renders in such discovery matters.

Nevertheless, in view of the inordinate two-year delay already encountered in disposing of this discovery question, we proceed to resolve the merits of the Longs' petition.

■ The Longs claim an unqualified right to their physician's presence at the pretrial examination. We find no California case establishing such a broad right and have determined none exists.

*Gonzi* v. *Superior Court*, 51 Cal.2d 586, 589 [335 P.2d 97] and *Sharff* v. *Superior Court*, 44 Cal.2d 508, 510 [282 P.2d 896, 64 A.L.R.2d 494] respectively permitted a court reporter and the examinee's attorney to attend medical examinations such as the one involved here. The presence of those persons was held sufficient to prevent inquiries not reasonably related to the legitimate scope of the examination, which is to discover the true nature and extent of the injuries claimed. This purpose can best be achieved by divesting the examination as far as possible of any adversary character, and by strictly limiting the number of unessential participants.

In explaining his ruling, Hauser wrote, ". . . I do not believe that as an arbitrator I can expand the holding of *Sharff* v. *Superior Court*, 44 Cal.2d 508, to allow in addition to the court reporter and the plaintiff's attorney, either the plaintiff's husband and/or a physician of her choosing." The Longs argue this statement mistakenly interpreted the law and shows Hauser refused to exercise his discretion.

*Sharff* makes no mention of doctors and does not specifically allow or disallow a plaintiff's physician to attend a pretrial examination. Hauser's statement can be taken to mean he decided the holding of *Sharff* could not be enlarged to allow Evelyn's physician to be present as a matter of right. Hauser correctly interpreted *Sharff* and properly exercised his discretion.

Judgment affirmed.

Ault, J., and Cologne, J., concurred.