[L.A. No. 30746. Sept. 23, 1977.]

PAUL SHEROD BAILEY, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
SEARS, ROEBUCK & COMPANY, Real Party in Interest.

**COUNSEL**

Jon E. Stuebbe and Borton, Petrini & Conron for Petitioner.

No appearance for Respondent.

Robert D. Patterson, Jr., for Real Party in Interest.

Rosalyn M. Chapman and David F. Chavkin as Amici Curiae.

## OPINION

**BIRD, C. J.**—This petition for a writ of prohibition presents a question of first impression in California: Absent a stipulation of the parties, may videotape be used to record and report the proceedings at a deposition? This court concludes that it may not.

I

Petitioner, Paul Sherod Bailey, filed a personal injury complaint against Sears, Roebuck & Company, alleging that Sears had negligently designed and constructed a "Craftsman" eight-inch radial arm saw which it sold to petitioner. This negligence was alleged to have proximately caused the severing of four fingers on petitioner's right hand while he was operating the saw. In its answer, Sears denied the allegations of negligence and affirmatively alleged that petitioner's injuries resulted from his own negligence.

Sears submitted interrogatories to petitioner asking for a description of the incident and of petitioner's movements before and during the accident. Petitioner responded to the interrogatories, but Sears contended that the responses did not adequately describe the manner in which the accident had occurred. Counsel for Sears requested that a reenactment of the accident be recorded on videotape, but petitioner's counsel would not agree. Sears then filed a motion requesting an oral deposition of petitioner in the traditional manner provided for in Code of Civil Procedure section 2019,[1] and a special order directing that he reenact his version of the accident, orally respond to questions propounded by Sears' counsel during the reenactment, and permit the reenactment and responses to be recorded on videotape.[2] Although a stenographic record was to be prepared, counsel for Sears requested that they be permitted to utilize the videotape recording as part of the deposition.[3]

---

[1]Code of Civil Procedure section 2019 provides for the noticing, taking, signing and filing of depositions upon oral examination.

[2]Sears proposed that the reenactment be conducted under the same conditions as existed during the accident; that petitioner reenact "the precise function [petitioner] was performing at the time of his injury," utilizing not only the same saw at the same location in his home but also wood stock of the same dimensions. The saw, however, was not to be connected to a power source.

[3]Sears proposed that petitioner review the videotape within a reasonable time and record any changes or corrections. The record of these changes was to be attached to the original videotape, and both were to be filed with the court. (See Code Civ. Proc., § 2019, subds. (e) and (f).)

## II

■ Petitioner contends that the trial court exceeded its jurisdiction in granting Sears' request to videotape the deposition. He asserts that unless the parties agree otherwise, the statutes governing the taking of a deposition authorize only stenographic recording and transcription.

Code of Civil Procedure section 2004 defines a "deposition" as a "*written* declaration, under oath, made upon notice to the adverse party, for the purpose of enabling him to attend and cross-examine. . . ." (Italics added.) Code of Civil Procedure section 2019, subdivision (c), provides in pertinent part: "The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under his direction and in his presence, record the testimony of the witness. *The testimony shall be taken stenographically and transcribed unless the parties agree otherwise.*" (Italics added.) Code of Civil Procedure section 2019, subdivision (e), states that the original of the deposition shall be provided to the deponent for "*reading,* correcting and signing." (Italics added.) The language of these sections creates a clear inference that the Legislature intended a deposition to be in written form. A "writing" is defined in Code of Civil Procedure section 17 as including "printing and typewriting."[4]

■ The above quoted sections of the Code of Civil Procedure do not expressly proscribe the recording of a deposition by videotaping. However, a review of these code sections leads ineluctably to one conclusion; that is, the Legislature intended that depositions be steno-graphically recorded and transcribed into a "writing" (as that term is defined in Code of Civil Procedure section 17) unless the parties agree otherwise.[5]

---

[4]Code of Civil Procedure section 17 as enacted in 1872 defined "writing" to include "both printing and writing." It was amended to its present form in 1903 to include typewriting.

[5]The conclusion that depositions may be only stenographically recorded and transcribed in writing is supported by the legal commentators. One commentator concluded that "California's restrictive definition of 'deposition' apparently places video tape recordings beyond the purview of the Code of Civil Procedure provisions governing use of deposition testimony at trial." (Salomon, *The Use of Video Tape Depositions in Complex Litigation* (1976) 51 State Bar J. 20, 72.) After reviewing the various sections of the Code of Civil Procedure, another commentator concluded that "the more restrictive definition [of writing] contained in the Code of Civil Procedure . . . apparently governs the definition of deposition contained in the same code," and, therefore, legislative action is required if a party is to have a unilateral right to a videotape supplement to a

In briefs lodged with this court, three arguments are urged by Sears in support of a contrary determination.

First, a New Jersey case, *Blumberg* v. *Dornbusch* (1976) 139 N.J.Super. 433 [354 A.2d 351], is cited. The Appellate Division of the New Jersey Superior Court concluded that videotaping as a means of recording a deposition was not prohibited by a New Jersey rule of court which provided that "testimony [at a deposition] shall be recorded and transcribed on a typewriter unless the parties agree otherwise." (N.J. Rules of Court, rule 4:14-3(b).) The language of the New Jersey rule differs significantly from that of California Code of Civil Procedure section 2019, subdivision (c). While that section expressly provides that testimony at a deposition shall be "taken stenographically," the New Jersey rule merely provides that testimony shall be "recorded." Thus, the New Jersey rule does not specifically indicate the *method* of recording from which the written transcript is to be prepared. One commentator suggests that the rule was amended to replace the phrase "taken verbatim" with the word "recorded" in order that proceedings at depositions might be sound recorded or videotaped, as well as stenographically taken. (See Pressler, Current New Jersey Court Rules (1976 ed.) Comment rule 4:14-3(b), pp. 566-567.) Even if there were not this difference in language between the New Jersey rule and the California Code of Civil Procedure, an out-of-state decision, interpreting a particular rule of court of that state, would be of little assistance to a California court attempting to ascertain what procedures the Legislature

deposition. (Kornblum, *Videotape in Civil Cases* (1972) 24 Hastings L.J. 9, 17-18.)

Although there appears to be no reported case which has held that a deposition must be reported in writing as that term is defined by Code of Civil Procedure section 17, that conclusion has been set forth in dicta. In *Voorheis* v. *Hawthorne-Michaels Co.* (1957) 151 Cal.App.2d 688 [312 P.2d 51], the court held that the written deposition of a witness who had died before he read and signed it could not be read into evidence because it had not been properly authenticated. The court also stated that the term "deposition" is "now confined in meaning to testimony delivered in writing." (*Id.,* at p. 692; see also *People* v. *Hjelm* (1969) 224 Cal.App.2d 649, 654-655 [37 Cal.Rptr. 36].)

A federal district court, interpreting the Federal Rules of Civil Procedure, after which California's Discovery Act of 1957 was largely patterned (see *Burke* v. *Superior Court* (1969) 71 Cal.2d 276, 281 [78 Cal.Rptr. 481, 455 P.2d 409]), reached the same conclusion. In *United States Steel Corp.* v. *United States* (S.D.N.Y. 1968) 43 F.R.D. 447, the court held that videotaping of a deposition (even though only as a supplement to the stenographic record) was precluded by rule 30(c) of the Federal Rules of Civil Procedure. That rule then provided (in language identical to that of Code of Civil Procedure section 2019, subdivision (c)): "The testimony shall be taken stenographically and transcribed unless the parties agree otherwise." The federal rules were subsequently amended to authorize the court to order the recording of a deposition "by other than stenographic means." (Fed. Rules Civ. Proc., rule 30(b)(4), 28 U.S.C.)

of this state intended to be followed in recording and reporting depositions.

■ Next, Sears urges that videotaping is included within the broad definition of "writing" found in Evidence Code section 250.[6] It is urged that this definition of "writing" applies to a deposition because the Evidence Code is applicable "in every action" before any court (Evid. Code, § 300),[7] and a deposition is an integral part of an action in a trial court. (See *Crocker* v. *Conrey* (1903) 140 Cal. 213, 216-217 [73 P. 1006].) As further support for this contention, reliance is placed on Code of Civil Procedure section 2016, subdivision (d), which provides that "so far as admissible under the rules of evidence," any part or all of a deposition may be used at trial in particular situations.

Despite the assertions of Sears, the foregoing statutes provide only that in determining the proper use of a deposition at trial, the court must follow the admissibility rules of the Evidence Code. That code does not purport to regulate the procedural aspects of recording and reporting depositions. Furthermore, Evidence Code section 300 provides that the Evidence Code is inapplicable when "otherwise provided by statute." The Code of Civil Procedure, which does regulate the procedural aspects of recording and reporting depositions, provides a different definition of a writing than that contained in the Evidence Code. ■ ■ ■ ■ Since the definition of a writing is "otherwise provided by statute," the Evidence Code definition is inapplicable.[8]

---

[6]Evidence Code section 250 provides: " 'Writing' means handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof."

[7]The pertinent provision of Evidence Code section 300 is as follows: "Except as otherwise provided by statute, this code applies in every action . . . ."

[8]Code of Civil Procedure section 2016, subdivision (d)(3), further · supports the conclusion that the Evidence Code definition of a writing does not apply to the recording and reporting of depositions. Subdivision (d)(3) provides that the deposition of a witness may be used at trial and at certain hearings if the deponent is "unavailable as a witness within the meaning of Section 240 of the Evidence Code . . . ." The Legislature added this quoted language, which expressly incorporates an Evidence Code definition into the Code of Civil Procedure, at the same time it enacted the Evidence Code, including section 250 which defines a writing. The clear inference to be drawn from this action is that when the Legislature intended that an Evidence Code definition be applied in another code, it so indicated, and that absent such an indication, Evidence Code definitions are applicable only to that code. This inference is supported by section 100 of the Evidence Code which provides: "Unless the provision or context otherwise requires, these definitions govern the construction of *this* code." (Italics added.)

The conclusion that the Evidence Code definition of a writing does not apply to the

As its third argument, Sears urges that this court approve the video-taping of deposition proceedings because videotaping is a reliable recording method which offers advantages a stenographic record cannot provide. A rule of court adopted by the Judicial Council of California and an Evidence Code section are cited as authority for this contention.[9]

Whether this court believes videotaping is as reliable as, or more advantageous than, the traditional means of recording a deposition is not the issue. Rather, the question presented is whether the use of videotape for the recording and reporting of deposition testimony has been *authorized* by the *Legislature.* The fact that the Judicial Council has approved the videotaping of proceedings in a courtroom is no indication that the Legislature has authorized the videotaping of proceedings at a deposition.

As part of this final argument, Sears contends that even if the Evidence Code definition of a writing does not apply to the Code of Civil Procedure provisions concerning depositions, nevertheless this court should approve the videotaping of deposition proceedings since the Legislature, in adopting Evidence Code section 250, indicated its approval of this method of recording. The fact that the Legislature has authorized the use of videotape in other contexts does not indicate that it intended videotaping to be used to record deposition proceedings as well. ██ ██ ██ ██ Indeed, this court may infer that because the Legislature did not respond to the dicta of *Voorheis* and *Hjelm* (see fn. 5, *ante*) and did not expand the definition of a writing contained in the Code of Civil Procedure when it expanded the Evidence Code definition in 1965, it intended that depositions should continue to be recorded in the traditional manner.[10]

recording and reporting of depositions is also in accord with the general principle of statutory construction that specific statutory provisions relating to a particular subject will govern, as against a general provision, in matters concerning that subject. (See, e.g., Code Civ. Proc., § 1859; *In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593]; *Div. of Labor Law Enforcement* v. *Moroney* (1946) 28 Cal.2d 344, 346 [170 P.2d 3].) Here, the more specific provisions relating to discovery set forth in the Code of Civil Procedure, rather than the general provision set forth in the Evidence Code, will be followed.

[9]California Rules of Court, rule 980(c) provides in pertinent part: "A court may permit photographing or electronic recording of judicial proceedings for the perpetuation of the record . . . ." Evidence Code section 250 is set forth in footnote 6, *ante.*

[10]"It is assumed that the Legislature has in mind existing laws when it passes a statute. [Citations.] 'The failure of the Legislature to change the law in a particular respect when the subject is generally before it and changes in other respects are made is indicative of an intent to leave the law as it stands in the aspects not amended.' [Citations.]" (*Estate of McDill* (1975) 14 Cal.3d 831, 837-838 [122 Cal.Rptr. 754, 537 P.2d 874].)

" 'It is a generally accepted principle that in adopting legislation the Legislature is

■ The Legislature has directed that deposition testimony be stenographically recorded and transcribed in writing unless the parties agree otherwise. Whether other methods of recording and reporting depositions should now be authorized is a matter for the Legislature to determine.[11]

■ Let a writ of prohibition issue directing the respondent court to quash its order granting the motion of Sears to videotape the deposition.[12]

Tobriner, J., Mosk, J., Clark, J., Richardson, J., Manuel, J., and Jefferson, J.,* concurred.

---

presumed to have had knowledge of existing domestic judicial decisions and to have enacted and amended statutes in the light of such decisions as have a direct bearing upon them. [Citations.]' [Citations.]" (*Id.*, at p. 839; see also fn. 8, *ante.*)

[11]This court has consistently stated since *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266] that discovery provisions are to be liberally construed in favor of disclosure, and this decision does not depart from that philosophy. Here, this court is not concerned with the scope of disclosure but with the methods of recording and reporting a deposition which the Legislature has authorized.

[12]This court need not, and does not, decide whether parties can either agree to supplement a written transcript of a deposition with a videotape record or agree to entirely forego the written transcript and only videotape the deposition. (See, e.g., Kornblum, *Videotape in Civil Cases, supra,* 24 Hastings L.J. 9, 17-18.)

Additionally, the court does not reach the arguments urged by amici curiae, who represent legal assistance programs. They contend that (1) depositions would be made more available to indigent persons if audio tape recordings were held to be authorized substitutes for stenographic recordings; (2) this court has inherent in forma pauperis power to waive the Code of Civil Procedure section 2019 requirement of a stenographic record; and (3) section 2019 is unconstitutional on equal protection and due process grounds unless interpreted to permit trial courts to waive stenographic recordings for indigent persons. Since these contentions are not urged by the parties and indigency is not an issue, it is not necessary to reach these arguments at this time. (See, e.g., *Short Stop, Inc.* v. *Fielder* (1971) 17 Cal.App.3d 435, 439 [95 Cal.Rptr. 102]; *Pratt* v. *Coast Trucking, Inc.* (1964) 228 Cal.App.2d 139, 143 [39 Cal.Rptr. 332].)

*Assigned by the Chairperson of the Judicial Council.