[L.A. No. 30845. Nov. 27, 1978.]

ERIN LEE EDMISTON et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
SHERRIE LAGOMARSINO et al., Real Parties in Interest.

---

COUNSEL

Spray, Gould & Bowers, Daniel O. Howard, Phillip D. Brady and Michael R. Brown for Petitioners.

·No appearance for Respondent.

Heily, Blase, Ellison & Wellcome and Jay H. Sorensen for Real Parties in Interest.

---

OPINION

CLARK, J.—Petitioners Erin Lee and Walker Edmiston are defendants in an underlying action for personal injuries brought by real parties in interest Sherrie and John Lagomarsino (hereinafter plaintiffs). Petitioners (hereinafter defendants) moved in respondent court for an order directing

plaintiff Sherrie Lagomarsino to submit to an independent medical examination. The court granted the motion on condition—requested by plaintiffs—the examination be videotaped. Defendants now seek writ of prohibition restraining respondent court from enforcing the videotaping condition to the order compelling Sherrie to submit to examination. They seek—in the alternative—writ of mandamus directing respondent court to vacate its order and to enter order granting their motion for an independent medical examination without videotape condition. For reasons appearing we grant the petition and direct writ of mandamus to issue.[1]

No factual issue is in dispute and we do not reach substantive issues on the merits of plaintiffs' complaint. Plaintiffs brought action in April 1976 for damages for personal injuries to Sherrie allegedly sustained in an automobile accident and for other relief. She stated at a deposition she had continuing complaints and was undergoing medical treatment as a result of the accident. In March 1977 she agreed to defendants' request to submit to an independent medical examination, but only on condition the examination be videotaped. Defendants moved for order compelling submission to examination and argued against imposition of the video-taping condition on grounds it was not authorized by law and would be disruptive and inhibitive to their right of discovery.[2]

Defendants' right to require Sherrie to submit to a physical examination is not in issue. "In an action in which the . . . physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical . . . examination by a physician . . . ." (Code Civ. Proc., § 2032, subd. (a).) However, we have recognized that whenever "a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked," and it is permissible for plaintiff to have an attorney or court reporter present during examination. (*Sharff* v. *Superior Court* (1955) 44 Cal.2d 508, 510 [282 P.2d 896, 64 A.L.R.2d 494]; see also *Gonzi* v. *Superior Court* (1959) 51 Cal.2d 586, 589 [335 P.2d 97].)

---

[1]We issued our order directing respondent court to show cause why mandate should not issue and staying execution of the challenged order.

[2]The challenged order provides: "IT IS ORDERED that the medical examination may be taken at the time noticed by defendants upon the following conditions: [¶] 1. That the plaintiff be allowed to choose a disinterested videocamera operator to be present to videotape the entire examination; [¶] 2. That the videotaping be nondisruptive of the examination; [¶] 3. That the videotape be made available for defendant's viewing prior to trial."

In *Ebel* v. *Superior Court* (1974) 39 Cal.App.3d 934 [114 Cal.Rptr. 722], the Court of Appeal observed "the use of any mechanical device capable of attaining the same objective [as in *Gonzi* v. *Superior Court, supra,* 51 Cal.2d 586] is permissible." (*Id.,* at p. 937.) In *Gonzi* we had approved the use of a reporter "to report, or later testify to, what occurred during the examination." (*Gonzi* v. *Superior Court, supra,* 51 Cal.2d 586, 589.) In *Ebel,* the use of a tape recorder was thus deemed to afford the plaintiff the same protection as that afforded by use of a reporter.

Defendants argue procedures established in the *Sharff, Gonzi,* and *Ebel* line of cases are intended only to afford plaintiff protection against improper inquiries and inaccurate and misleading accounts when examining physicians report or testify. Indeed, in *Sharff* we stated the presence of an attorney was necessary to preclude questioning into areas "not reasonably related to the legitimate scope of the examination." (*Sharff* v. *Superior Court, supra,* 44 Cal.2d 508, 510.) In *Gonzi* we held the presence of a reporter was necessary because there otherwise would be "no disinterested person present to report, or later testify to, what occurred during the examination." (*Gonzi* v. *Superior Court, supra,* 51 Cal.2d 586, 589.) In *Ebel*—as stated—a tape recorder was deemed to serve the same purpose as a reporter, that is, to afford a means of later reporting on events which occurred during examination.

Defendants contend that plaintiffs have available all facilities necessary to protect the integrity of the examination, and that to further burden examination procedures by videotaping with its heavy equipment and necessary additional personnel would unnecessarily create a sideshow atmosphere at which taping was the main attraction, disrupting the medical procedures and prejudicing the effectiveness of the examination. Finally, defendants further contend videotaping is not authorized by law.

■ The Legislature has directed medical examinations be reported by means of communications not including videotaping. "If requested by . . . the person medically examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings and conclusions . . . ." (Code Civ. Proc., § 2032, subd. (b)(1).) Code of Civil Procedure section 17 defines "writing" as including "printing and typewriting."

■ Plaintiffs claim respondent court's authority to make the challenged order derives from Code of Civil Procedure section 2032, subdivision (a). Language therein states an order for a medical examination "shall specify the time, place, manner, conditions, and scope of the

examination and the person or persons by whom it is to be made." Conditions under which an examination is to be conducted, according to plaintiffs, are thus entrusted to the sound discretion of the trial court, and there is no showing of abuse in the instant case. (See *Edwards* v. *Superior Court* (1976) 16 Cal.3d 905, 913 [130 Cal.Rptr. 14, 549 P.2d 846].)

It seems patently clear section 2032, subdivision (a) deals with *conducting* a medical examination—not the *reporting* thereof. Nothing contained in that subdivision relates to reporting, as does subdivision (b).

■ Plaintiffs also rely on the *Sharff-Gonzi-Ebel* line of cases as authorizing the visual reporting of a medical examination. But, as we noted in those cases, the audio reporting of examinations was deemed necessary to protect the plaintiff and insure the integrity of the reporting process. No similar showing has been made that plaintiff cannot be properly protected by the presence of her attorney, or that the integrity of the examination will not be preserved by the presence of a reporter or an audio reporting device. Thus *Gonzi-Ebel* line. Such extension has been denied for lack of a demonstrated need. (*Long* v. *Hauser* (1975) 52 Cal.App.3d 490, 493 [125 Cal.Rptr. 125].) For reasons which next appear, plaintiffs' further argument that videotaping generally affords a *better* medium by which to report judicially related events must fail.

In *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970 [140 Cal.Rptr. 669, 568 P.2d 394], plaintiff alleged he had lost four fingers by reason of negligent design and construction of a power saw purchased from defendant. Defendant, affirmatively alleging plaintiff's injuries resulted from his own negligence, sought to take a deposition of plaintiff's reenactment of the alleged injury and, in addition to reporting the deposition in the manner provided by law (Code Civ. Proc., § 2019), to videotape the reenactment. We noted that a deposition is a "written declaration" (Code Civ. Proc., § 2004), that the testimony of witnesses is to "be taken stenographically and transcribed" (Code Civ. Proc., § 2019, subd. (c)), and that a "writing" includes "printing and typewriting" (Code Civ. Proc., § 17). We unanimously held that although the statutes do not expressly proscribe recording a deposition by videotaping, they neverthe-less "leads ineluctably to one conclusion; that is, the Legislature intended that depositions be stenographically recorded and transcribed into a 'writing' (as that term is defined in Code of Civil Procedure section 17) unless the parties agree otherwise." (*Id.,* at p. 974.)

We were urged in *Bailey,* as we are similarly urged now, to approve videotaping "because videotaping is a reliable recording method which offers

advantages a stenographic record cannot provide." (*Id.*, at p. 977.) We rejected the invitation, stating "the question presented is whether the use of videotape for the recording and reporting of deposition testimony has been *authorized* by the *Legislature.*" (*Id.*; italics in original.) We concluded that whether "other methods of recording and reporting depositions should now be authorized is a matter for the Legislature to determine." (*Id.*, at p. 978.)

We deal here with reporting a medical examination rather than with a deposition, as did *Bailey.* Recognizing all applicable statutes are not the same in the two cases, the issues presented are nevertheless identical in principle. Thus it is urged here the Legislature has not *expressly* precluded reporting a medical examination by videotaping although writing is the only expressly authorized form of reporting. When similar contentions were urged in *Bailey* we could arrive at but one conclusion: the Legislature intended depositions be reported only in the manner specified by statute. Here we are urged to recognize advantages videotaping would accord in reporting judicially related events, and we are assured claimed problems of disruption, "upstaging," and lack of reliability and validity are imaginary only. In *Bailey* we declined to consider such claims and held the only issue was whether such reporting had been authorized by the Legislature. As it had not been affirmatively authorized in *Bailey,* we declined to authorize it judicially. Videotaping is not affirmatively authorized in this case and, as in *Bailey,* whether it should be "is a matter for the Legislature to determine." (*Bailey* v. *Superior Court, supra,* 19 Cal.3d 970, 978.)

Let a writ of mandamus issue as prayed.

Bird, C. J., Mosk, J., Richardson, J., and Manuel, J., concurred.

**TOBRINER, J.**—I dissent.

The majority opinion confuses two distinct statutory provisions: (1) the discretionary power of the trial court, under Code of Civil Procedure section 2032, subdivision (a) to impose protective conditions on the taking of a medical examination; and (2) the right of the parties under subdivision (b) to a written report of the examining physician's medical findings and conclusions. In consequence of this confusion, the majority arrive at the illogical holding that videotaping of the examination, a protective condition imposed pursuant to the court's discretion under

subdivision (a), is impermissible because it does not constitute a written medical report under subdivision (b).

The Legislature, in section 2032, subdivision (a), authorized the trial court to impose protective conditions upon the taking of a medical examination, but did not specify precisely which conditions could be imposed, leaving that matter "to the sound discretion of the court." (*Edwards* v. *Superior Court* (1976) 16 Cal.3d 905, 913 [130 Cal.Rptr. 14, 549 P.2d 846].) Despite the lack of explicit legislative authorization, the courts have approved a variety of conditions, including the presence of counsel (*Sharff* v. *Superior Court* (1955) 44 Cal.2d 508, 510 [282 P.2d 896, 64 A.L.R.2d 494]), a stenographic transcription of the examination (*Gonzi* v. *Superior Court* (1959) 51 Cal.2d 586, 589 [335 P.2d 97]), and a tape recording of the examination (*Ebel* v. *Superior Court* (1974) 39 Cal.App.3d 934 [114 Cal.Rptr. 722]). In the latter case the court noted that since the purpose of allowing a stenographic reporter at the examination was "to make certain that the injured plaintiff will have an accurate and complete record of the proceeding, the use of any mechanical device capable of attaining the same objective is permissible." (39 Cal.App.3d at p. 937.)

Videotaping is a mechanical device capable of ensuring the injured plaintiff a complete and accurate record of the examination, and thus authorized within the cited language of *Ebel* v. *Superior Court*. It is, moreover, superior to the methods previously approved by judicial decision because it provides an impartial visual record of the physical examination.

The majority assert, however, that videotaping is not *necessary* to protect the plaintiff's interests—that previously approved methods such as presence of counsel, stenographic reporting, and tape recording suffice. Necessity, however, is not the issue. When an action of a trial court is challenged by extraordinary writ as an abuse of discretion, we do not ask if the action below was "necessary"; we ask only whether the action was one which exceeds the bounds of reason. (See, e.g., *Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 527 [67 Cal.Rptr. 761, 439 P.2d 889].) Surely we cannot hold that the trial court's approval of a superior method of recording a medical examination, hedged with conditions fashioned to minimize any disruptive effect of the medium, is a decision which exceeds the bounds of reason.

The majority further note that subdivision (b) of section 2032 entitles the examined party on request to "a detailed written report of the

examining physician setting out his findings and conclusions. . . ." Relying on *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970 [140 Cal.Rptr. 669, 568 P.2d 394], which held that the videotape of a deposition was not a writing, the majority conclude that the videotape of a medical examination cannot qualify as the written report of the examining physician under subdivision (b).

That conclusion is unquestionably correct, but unquestionably irrelevant. The trial court order did not substitute the videotape for the written report of the physician; its order clearly envisions both the videotaping of the examination and the subsequent preparation of a written report. Nothing in section 2032 limits the plaintiff's protection to the receipt of a written report. To the contrary, subdivision (a) clearly authorizes the court to impose additional protective conditions, and case law confirms that such conditions may serve the purpose of providing an accurate record of the examining process itself.

In short, plaintiff is entitled to *both* an accurate recording of the examination and to a written report of the examiner's findings and conclusions; we cannot hold that the trial court acted beyond the bounds of reason in permitting her to use a new and superior method of obtaining an accurate record of the examination on the ground that the record does not satisfy the independent statutory requirement for a written medical report.

Newman, J., concurred.

The petition of the real parties in interest for a rehearing was denied December 27, 1978. Tobriner, J., was of the opinion that the petition should be granted.