[Civ. No. 46792. First Dist., Div. One. Nov. 15, 1979.]

JEFF D. BROWNE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
WILMER S. REEVES et al., Real Parties in Interest.

COUNSEL

Boccardo, Lull, Niland & Bell, Richard D. Capparella, Stanley A. Ibler, Jr., and Joseph B. Hudson, Jr., for Petitioner.

No appearance for Respondent.

Roper, Majeski, Kohn, Bentley & Wagner, Roper, Majeski, Kohn, Bentley, Wagner & Kane, Michael J. Brady and Mark G. Bonino for Real Parties in Interest.

OPINION

**RACANELLI, P. J.**—We issued our alternative writ of mandate to examine the single question whether a personal injury litigant may be compelled to submit to a physical examination by a vocational rehabilitation expert who is not a licensed physician. We conclude that neither statutory nor other authority sanctions the examination ordered by the trial court; accordingly, the petition must be granted.

*Facts*

The facts are undisputed: Petitioner filed a civil damage action against real parties for injuries allegedly sustained as a result of an automobile-motorcycle accident. Petitioner's future wage loss is one of the disputed issues in the pending litigation. Although petitioner voluntarily submitted to a medical examination conducted by a licensed physician selected by real parties, he refused the latter's request "to be examined and tested by Dr. Hal Ulery, a rehabilitation expert" on the grounds that a physical examination by a nonphysician was unauthorized by law.[1] Thereafter real parties filed a written motion for an order pursuant to Code of Civil Procedure section 2032, subdivison (a)[2] com-

---

[1]During the same time interval, petitioner supplied real parties with the records relating to his examination by Dr. John Crane, a state-employed vocational rehabilitation counselor; Dr. Crane was subsequently deposed by real parties.

[2]Section 2032 provides in pertinent part: "(a) In an action in which the mental or physical condition or the blood relationship of a party, or of an agent or a person in the

pelling petitioner "to submit to an interview and physical examination and/or testing by Dr. Hal Ulery" resulting in an order requiring petitioner to attend the requested "physical examination." Aside from the designated time and place of the examination, the order made no mention of the manner, condition and scope of such examination. The order was stayed pursuant to stipulation pending review by extraordinary writ.

## I. *Propriety of Mandamus Review*

■ Initially we address real parties' contention that the use of the prerogative writ to review discovery orders is generally disfavored and the petition should thus be denied. (See *Pacific Tel. & Tel. Co.*, v. *Superior Court* (1970) 2 Cal.3d 161, 170, fn. 11 [84 Cal.Rptr. 718, 465 P.2d 854].) It is unnecessary to engage in extended discussion concerning the propriety of extraordinary review of an important issue of statutory construction raised by a discovery order permitting the physical examination of a party by a nonphysician examiner, particularly where the aggrieved party is confronted with the Hobsonian choice of either submitting to the intrusive procedure or risking the sanctions of noncompliance. (See *Roberts* v. *Superior Court* (1973) 9 Cal.3d 330, 336 [107 Cal.Rptr. 309, 508 P.2d 309].) Moreover, since the petition presents a question of first impression likely to recur in future litigation, it provides an opportunity to establish clear guidelines for the benefit of trial courts and the legal profession and thus falls within the exception to the general rule precluding extraordinary review in discovery matters. (*Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185-186, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439]; *Reuter* v. *Superior Court* (1979) 93 Cal.App.3d 332, 336 [155 Cal.Rptr. 525].) Finally, having issued our alternative writ, we have concluded that the remedy afforded by direct appeal is inadequate and that the use of the prerogative writ is appropriate herein. (See *Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 155 [118 Cal.Rptr. 14, 529 P.2d 46]; *Brown* v. *Superior Court* (1971) 5 Cal.3d 509, 515 [96 Cal.Rptr. 584, 487 P.2d 1224]; *People* ex rel. *Younger* v. *County of El Dorado* (1971) 5 Cal.3d 480, 492 [96 Cal.Rptr. 553, 487 P.2d 1193].)

custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental or blood examination by a physician or to produce for such examination his agent or the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

## II. *Examination by a Nonphysician*

■ While recognizing general principles favoring liberal construction of discovery statutes in favor of disclosure unless clearly prohibited by statute or policy considerations (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 378 [15 Cal.Rptr. 90, 364 P.2d 266]; accord *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 978, fn. 11 [140 Cal.Rptr. 669, 568 P.2d 394]; *Shepherd* v. *Superior Court* (1976) 17 Cal.3d 107, 118 [130 Cal.Reptr. 257, 550 P.2d 161]), petitioner contends that where — as here — the Legislature has expressly provided that a party's physical examination may be taken by a *physician*, such limitation implicitly excludes such examination by a nonphysician. Real parties counter that while the subject statute does not expressly authorize a nonphysician examination, neither does it prohibit it; thus, since discovery is intended to be a "two-way street" permitting mutual discovery as a matter of fundamental fairness (see *Edwards* v. *Superior Court* (1976) 16 Cal.3d 905, 912 [130 Cal.Rptr. 14, 549 P.2d 846]; see also *Swartzman* v. *Superior Court* (1964) 231 Cal.App.2d 195 [41 Cal.Rptr. 721]), the examination by a competent vocational rehabilitation counselor should be allowed consistent with the liberal policy favoring disclosure or, alternatively, in the exercise of judicial discretion to prevent manifest oppression. (See Code Civ. Proc., § 2019, subd. (b)(1).) Moreover, real parties insist that the request for the examination should be treated no differently from other forms of physical examination traditionally performed by nonphysicians as approved by the courts. (Cf. *Bittle* v. *Superior Court* (1976) 55 Cal.App.3d 489 [127 Cal.Rptr. 574] [X-ray examination].) We believe that fundamental principles of statutory construction as judicially explicated in parallel factual situations impel a conclusion that the challenged examination procedure is unauthorized by law and that the order constitutes an abuse of discretion.

While the precise factual setting is a novel one, nonetheless we are aided by a number of decisions involving related principles of construction pertaining to discovery statutes. In *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970 [140 Cal.Rptr. 669, 568 P.2d 394], the court directed that the trial court quash its order authorizing the videotaping of the plaintiff's deposition on the basis that such method of recording and reporting deposition testimony had not been "*authorized* by the *Legislature.*" (*Id.* at p. 977, italics in original; accord *Edmiston* v. *Superior Court* (1978) 22 Cal.3d 699 [150 Cal.Rptr. 276, 586 P.2d 590]

[held: notwithstanding the absence of statutory prohibition, videotaping of plaintiff's medical examination improper since not "affirmatively authorized" by the Legislature]; cf. *People* v. *Municipal Court (Runyan)* (1978) 20 Cal.3d 523 [143 Cal.Rptr. 609, 574 P.2d 425] [deposition in criminal proceedings restricted to statutory conditions].) Thus, while wide latitude attends the process of pretrial discovery in general (*Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d 355, 378), such discretion may not be exercised in a manner conflicting with an express statutory procedure authorizing the method of discovery. (See *Bailey* v. *Superior Court, supra,* 19 Cal.3d 970, 978, fn. 11.) To read into the governing statute authority to conduct a physical examination by a nonphysician would subvert the express legislative policy that such physical examinations be conducted only by a physician, by definition a person holding a valid certificate to practice medicine issued by a competent medical authority. (See Bus. & Prof. Code, § 4033; *Reuter* v. *Superior Court, supra,* 93 Cal.App.3d 332, 338.)

Since the proposed examiner is neither a licensed physician nor surgeon, no affirmative legislative authority exists for the ordered physical examination of petitioner. (Cf. *Reuter* v. *Superior Court, supra,* at p. 339 [psychologist not a physician within the meaning of Code Civ. Proc., § 2032].) Nor are we aware of *any* existing authority validating the challenged examination. Unlike the factual circumstances reflected in *Reuter* or in *Bittle,* there is no showing herein that the examination is at the direction and under the supervision of an authorized examining physician.[3] Real Parties' reliance on *Shepherd* v. *Superior Court, supra,* 17 Cal.3d 107 is misplaced. We interpret Shepherd as being limited to its precise facts in holding that Code of Civil Procedure section 2031 (authorizing the photographing of "objects or tangible things") does not prohibit the taking of a simple photograph to facilitate further discovery.

Accordingly, we hold that since a vocational rehabilitation counselor is not a licensed physician, no affirmative authority exists under the subject statute, or otherwise, to conduct the proposed physical examination.[4] Since the statute grants no discretion to the trial court as to the

---

[3]We do not decide under what circumstances and conditions such an examination might be properly performed under the supervision of a competent physician. (See generally 27 Cal.Jur.3d, Discovery and Depositions, §§ 54-58.)

[4]Contrary to real parties' assertion, such an interpretation does not leave them in a fundamentally unfair or unpreferred position at trial. As noted, they have been afforded access to all of the notes and records of the examination of petitioner conducted by

person authorized to conduct a physical examination (cf. *Edwards* v. *Superior Court, supra,* 16 Cal.3d at p. 913), the order under review constituted an abuse of discretion. Whether such an examination by a qualified vocational rehabilitation counselor should be permitted in the first instance is a matter for the Legislature to determine and not the courts. (See *Edmiston* v. *Superior Court, supra,* 22 Cal.3d 699, 704.)

Let a peremptory writ of mandate issue compelling the trial court to set aside and vacate the order challenged herein. Petitioner shall recover his costs; the additional request for attorney's fees is denied.

Elkington, J., and Newsom, J., concurred.

The petition of real parties in interest for a hearing by the Supreme Court was denied January 8, 1980.

---

the state vocational rehabilitation counselor, augmented by the latter's deposition; that examiner, if called, will be subject to thorough cross-examination by real parties aided by a comparable professional counselor, if desired. (Cf. *Edwards* v. *Superior Court, supra,* 16 Cal.3d 905, 912.)