[No. C020795. Third Dist. May 14, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
SHEAN ISIAH WATKINS et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Factual and Procedural Background and parts II through VII of the Discussion.

**COUNSEL**

Stephen Temko, under appointment by the Court of Appeal, and Carlo Andreani for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and Wayne K. Strumpfer, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

SIMS, J.—After Marisela Perez, the estranged girlfriend of Augusto Robles, left their shared apartment, she believed that some of her property remained on the premises. Perez marshaled defendants, Calvin Reese and Shean Watkins, to help her recover the property. Unfortunately, defendants interpreted their mission as a license to commit burglary (count I [Pen. Code, § 459; all subsequent undesignated section references are to the Penal Code]) assault with a firearm (count II [§ 245, subd. (a)(2)]), and robbery (count III [§ 211]). Defendant Reese was accused of personally using a firearm while committing these acts (§ 12022.5, subd. (a)), and defendant Watkins was accused of being armed with a rifle while committing them (§ 12022, subd. (a)(1)). Defendant Reese was additionally accused of being a convicted felon in possession of a firearm (count IV [§ 12021]). Both allegedly had prior records which brought them within the scope of section 667, subdivisions (a) and (b)-(i).[1]

A jury convicted defendants of the above mentioned crimes (except as to count II, on which Watkins alone was acquitted) and found the weapons enhancements true. The trial court found the allegations of prior convictions true. Sentenced to lengthy terms in state prison, defendants claim a host of errors going to both the convictions and the sentences. In the published portion of the opinion, we conclude the trial court erroneously admitted a videotape of the conditional examination of a witness, but the error is harmless. In the unpublished portion of the opinion, we consider and reject defendants' other contentions of prejudicial error. We shall therefore affirm the judgments.

### FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1]Reese was accused of having been convicted of robbery, a serious and violent felony, and of having served a prison term therefor within the last 10 years (§§ 667, 667.5, subd. (a)), thus coming within section 667, subdivisions (b)-(i). Watkins was accused of having been convicted of assault to commit rape (§ 220), a serious felony (§ 667), thus coming within section 667, subdivisions (b)-(i).

*See footnote, *ante*, page 485.

## DISCUSSION

### I

Prosecution witness Jeffrey Arrich was unavailable to testify at trial because he had to leave the state by the time of trial. When informed of this fact, the trial court ordered a conditional examination of Arrich on videotape pursuant to section 1335 et sequitur.[5] A written transcript of the examination was also prepared. Over defendants' objection that only the reading of the written transcript of the testimony at trial was authorized by law, the court then admitted the videotape in evidence.

Renewing their unsuccessful argument below, defendants contend it was prejudicial error to admit the videotape in lieu of the written transcript of the testimony. We agree admission of the videotape was error but conclude the error is harmless.

In approaching the issue tendered by defendants, we are mindful that, "Whether this court believes videotaping is as reliable as, or more advantageous than, the traditional means of recording a deposition is not the issue. Rather, the question presented is whether the use of videotape for the recording and reporting of deposition testimony has been *authorized* by the Legislature." (*Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977 [140 Cal.Rptr. 669, 568 P.2d 394], original italics [no statutory warrant for videotaping of civil deposition]; see also *Edmiston* v. *Superior Court* (1978) 22 Cal.3d 699, 704 [150 Cal.Rptr. 276, 586 P.2d 590] [no statutory warrant for videotaping medical examination in civil case].) The procedures for taking a deposition in a criminal case may not conflict with statutory procedures governing conditional examinations set out in the Penal Code. (*People* v. *Municipal Court* (*Runyan*) (1978) 20 Cal.3d 523, 528 [143 Cal.Rptr. 609, 574 P.2d 425, 2 A.L.R.4th 681].)

The procedures for the taking and use of a deposition of a witness in a criminal case are set out in sections 1335 through 1345, dealing with the conditional examination of a witness. In construing this statutory scheme " 'We begin with the fundamental rule that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." [Citation.] In determining such intent "[t]he court turns first to the words

---

[5]Section 1335, subdivision (a), provides: "When a defendant has been charged with a public offense triable in any court, he or she in all cases, and the people in cases other than those for which the punishment may be death, may, if the defendant has been fully informed of his or her right to counsel as provided by law, have witnesses examined conditionally in his or her or their behalf, as prescribed in this chapter." Section 1336 includes as one of the grounds for conditional examination that a witness is about to leave the state.

themselves for the answer." [Citation.] We are required to give effect to statutes "according to the usual, ordinary import of the language employed in framing them." [Citations.] "If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose." [Citation.] "[A] construction making some words surplusage is to be avoided." [Citation.]' (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 . . . .)" (*Woosley* v. *State of California* (1992) 3 Cal.4th 758, 775-776 [13 Cal.Rptr.2d 30, 838 P.2d 758].)

 In arguing that the statutory scheme does not allow admission of a videotaped deposition, defendants cite section 1343, which provides, "The testimony given by the witness *must be reduced to writing*, and authenticated in the same manner as the testimony of a witness taken in support of an information." (Italics added.) If the statute is given its ordinary meaning, it plainly requires that the testimony shall be reduced to writing, not videotaping.

The Attorney General disputes this view. The Attorney General acknowledges he has issued an opinion concluding a videotape of a conditional examination may not be used in lieu of a written transcript. (67 Ops.Cal.Atty.Gen. 178 (1984).) However, he now contends his prior opinion was in error. According to the Attorney General, the requirement of section 1343, that testimony must be reduced to writing, must be read together with Evidence Code section 250, which provides: " 'Writing' means handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof." Since this broad definition of a "writing" includes a videotape, the Attorney General argues that the requirement of section 1343, that testimony be reduced to writing, is satisfied by videotaping the testimony.

We cannot accept the Attorney General's new argument. The Evidence Code applies in criminal proceedings "Except as otherwise provided by statute . . . ." (Evid. Code, § 300.) Here, a written transcript of a conditional examination is "otherwise provided by statute" for three reasons.

First, the Attorney General's argument proves too much. If Evidence Code section 250 governs the recording of deposition testimony, then it authorizes "every . . . means of recording upon any tangible thing any form of communication . . . ." The statute would thus authorize widely disparate

modes of recording testimony, ranging from videotapes to audiotapes to computer applications. We do not believe the Legislature intended that the recording of deposition testimony be subject to such wide fluctuations in the mode of recording.

Second, the Attorney General's construction of section 1343 cannot be reconciled with a companion statute, section 1345. ▮ " 'It is "a cardinal rule of statutory construction" that " 'every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' " [Citations.]' " (*Ladd* v. *County of San Mateo* (1996) 12 Cal.4th 913, 927 [50 Cal.Rptr.2d 309, 911 P.2d 496].) ▮ Section 1345 provides in relevant part, "The deposition . . . may be *read* in evidence by either party on the trial if the court finds that the witness is unavailable as a witness . . . ." (Italics added.) A videotape is not "read" in evidence; rather, it is "shown" to the trier of fact.

▮ Finally, "The interpretation of an ambiguous statutory phrase may be aided by reference to other statutes which apply to similar or analogous subjects. [Citations.]" (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1008 [239 Cal.Rptr. 656, 741 P.2d 154].) ▮ We note that the Legislature knows how to authorize the videotaping of a deposition if it wishes to do so, because it has done so expressly in civil cases. (See Code Civ. Proc., § 2025, subd. (*l*).) Where the Legislature has authorized videotaped depositions in civil cases, it has accompanied this authorization by elaborate statutory guidelines, set forth in the margin,[6] regulating the conditions under which the deposition is taken and circumstances of its admission in evidence. These

---

[6]Code of Civil Procedure section 2025, subdivision (*l*)(2) provides: "(2) If the deposition is being recorded by means of audiotape or videotape, the following procedure shall be observed:

"(A) The area used for recording the deponent's oral testimony shall be suitably large, adequately lighted, and reasonably quiet.

"(B) The operator of the recording equipment shall be competent to set up, operate, and monitor the equipment in the manner prescribed in this subdivision. The operator may be an employee of the attorney taking the deposition unless the operator is also the deposition officer. However, if a videotape of deposition testimony is to be used under paragraph (4) of subdivision (u), the operator of the recording equipment shall be a person who is authorized to administer an oath, and shall not be financially interested in the action or be a relative or employee of any attorney of any of the parties, unless all parties attending the deposition agree on the record to waive these qualifications and restrictions.

"(C) The operator shall not distort the appearance or the demeanor of participants in the deposition by the use of camera or sound recording techniques.

"(D) The deposition shall begin with an oral or written statement on camera or on the audiotape that includes the operator's name and business address, the name and business address of the operator's employer, the date, time, and place of the deposition, the caption of

guidelines are evidently designed to ensure fairness in the deposition procedure and to provide procedures for ruling on objections before the videotape is shown to the trier of fact. We cannot believe that the Legislature would go to such great lengths to ensure fairness in a civil videotaped deposition, where only money may change hands, and yet make no provision for such fairness in the taking of a criminal deposition, where a defendant's freedom is at issue.

For all these reasons, then, we conclude the statutory scheme governing conditional examinations does not authorize the admission in evidence of a videotaped deposition.

The Attorney General relies on *People* v. *Moran* (1974) 39 Cal.App.3d 398 [114 Cal.Rptr. 413] and *People* v. *Ware* (1978) 78 Cal.App.3d 822 [144 Cal.Rptr. 354]. *Moran* involved the use of a videotape of a witness's preliminary hearing testimony. The case does not discuss the statutory framework governing conditional examinations and is therefore inapposite. Like *Moran*, *Ware* also involved the use of a videotape of a witness's preliminary hearing testimony. (*People* v. *Ware*, *supra*, 78 Cal.App.3d at p. 822.) Although the court concluded the videotaped preliminary hearing amounted to a conditional examination (*id.* at p. 828) the court undertook no analysis of the statutory scheme governing conditional examinations. To the extent *Ware* suggests the statutory scheme authorizes the admission in

---

the case, the name of the deponent, a specification of the party on whose behalf the deposition is being taken, and any stipulations by the parties.

"(E) Counsel for the parties shall identify themselves on camera or on the audiotape.

"(F) The oath shall be administered to the deponent on camera or on the audiotape.

"(G) If the length of a deposition requires the use of more than one unit of tape, the end of each unit and the beginning of each succeeding unit shall be announced on camera or on the audiotape.

"(H) At the conclusion of a deposition, a statement shall be made on camera or on the audiotape that the deposition is ended and shall set forth any stipulations made by counsel concerning the custody of the audiotape or videotape recording and the exhibits, or concerning other pertinent matters.

"(I) A party intending to offer an audiotaped or videotaped recording of a deposition in evidence under subdivision (u) shall notify the court and all parties in writing of that intent and of the parts of the deposition to be offered within sufficient time for objections to be made and ruled on by the judge to whom the case is assigned for trial or hearing, and for any editing of the tape. Objections to all or part of the deposition shall be made in writing. The court may permit further designations of testimony and objections as justice may require. With respect to those portions of an audiotaped or videotaped deposition that are not designated by any party or that are ruled to be objectionable, the court may order that the party offering the recording of the deposition at the trial or hearing suppress those portions, or that an edited version of the deposition tape be prepared for use at the trial or hearing. The original audiotape or videotape of the deposition shall be preserved unaltered. If no stenographic record of the deposition testimony has previously been made, the party offering a videotape or an audiotape recording of that testimony under subdivision (u) shall accompany that offer with a stenographic transcript prepared from that recording."

evidence of a videotape of a conditional examination, we respectfully decline to follow it.

We conclude the trial court erred in admitting the videotape over defendants' express objections.

We must still decide, however, what standard of prejudice applies. Defendants assert that we must (as it were) redact the trial so as to expunge Arrich's testimony and decide whether the remaining evidence would support their convictions. They fail to explain why we should do so, however. If the trial court had granted their motion to exclude the videotape of Arrich's examination, it would presumably have admitted instead the written transcript of that examination as defense counsel proposed; thus the evidence would have been before the jury in any event.[7]

Defendant Reese raises the claim that the trial court's error was of constitutional dimension: he asserts that the court violated the Sixth and Fourteenth Amendments to the United States Constitution and the California Constitution's separation of powers provision (Cal. Const., art. III, § 3).[8] He cites no authority other than the constitutional provisions themselves, however, and makes no articulated argument as to how they were violated. Thus his constitutional claim is waived. (*Troensegaard* v. *Silvercrest Industries, Inc.* (1985) 175 Cal.App.3d 218, 228 [220 Cal.Rptr. 712].)

We conclude that the applicable standard of reversible error is the standard ordinarily applied to claims of evidentiary error, that of *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243], i.e., whether it is reasonably probable defendants would have obtained a more favorable result in the absence of the error. Under this standard, the error was plainly harmless. Defendants have pointed to no inherent unfairness in the use of the videotape. Defense counsel cross-examined Arrich fully and made effective use of any internal inconsistencies and contradictions with other evidence they found in his story. We see no reasonable probability that defendants would have achieved a better result if the court had admitted a written transcript of Arrich's testimony instead of the videotape.

---

[7]Defendants have not argued that the trial court violated section 1335 et sequitur in any way other than by admitting the videotape of Arrich's testimony in lieu of a written transcript.

[8]Defendant Watkins joins in this contention.

## II-VII*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgments are affirmed.

Puglia, P. J., and Blease, J., concurred.

Petitions for a rehearing were denied June 11, 1996, and the opinion was modified to read as printed above. The petitions of both respondent and appellants for review by the Supreme Court were denied August 21, 1996. Kennard, J., and Baxter, J., were of the opinion that the petition of respondent should be granted.

---

*See footnote, *ante*, page 485.