[Nos. A104965, A106082. First Dist., Div. Four. Nov. 15, 2004.]

ARMANDO D., a Minor, etc., et al., Plaintiffs and Respondents, v.
STATE DEPARTMENT OF HEALTH SERVICES, Defendant and
Appellant;
SANDRA SHEWRY, as Director, etc., Real Party in Interest and Appellant.

14

**COUNSEL**

Bill Lockyer, Attorney General, James Humes, Chief Assistant Attorney General, and Teresa Stinson, Assistant Attorney General, for Defendants and Appellants.

Lucy Quacinella, Oren M. Sellstrom, Michael Keys, Howard A. Slavitt and I-Wei Wang for Plaintiff and Respondents.

OPINION

**SEPULVEDA, J.**—The State Department of Health Services and its Director, Sandra Shewry (the Department), challenge a writ of mandate and various orders issued by the trial court ordering the Department to operate its Child Health & Disability Prevention Gateway program (the Gateway program) in a particular manner, as being without any statutory or legal authority.[1] At issue is whether the Department had a clear, present, and ministerial duty to: (1) refrain from terminating the benefits of the Gateway program enrolled infants without a prior redetermination of eligibility; (2) take actions to identify infants entering through the Gateway program who could be deemed eligible for Medi-Cal; or (3) "reinstate" Medi-Cal benefits to infants whose presumptive eligibility period has ended. Finding no clear, present, and ministerial duty justifying the issuance of the writ and related orders, we reverse.

## BACKGROUND

This appeal involves the manner in which an infant's eligibility for medical benefits is established under federal and state law. Title XIX of the Social Security Act (42 U.S.C. §§ 1396–1396s), commonly known as Medicaid, is a cooperative federal-state program designed to provide medical assistance to individuals with insufficient income and resources to meet the costs of necessary medical care. (42 U.S.C. § 1396.) Medi-Cal is the state implementation of the federal Medicaid program, and is administered by the Department. (Welf. & Inst. Code, §§ 10721, 14000 et seq.; Cal. Code Regs., tit. 22, § 50004.) The case at bar involves the "deemed eligibility" and "presumptive eligibility" provisions set forth in federal and state law.

### A. Deemed Eligibility.

A baby born to a mother eligible for and receiving Medi-Cal is "deemed eligible" for Medi-Cal benefits for one year so long as the child lives with his or her mother and the mother remains (or would have remained if she were still pregnant) eligible for Medi-Cal.[2] (42 U.S.C. § 1396a (e)(4); Cal. Code Regs., tit. 22, § 50262.3.) Infants meeting the statutory criteria are automatically deemed to have applied for Medi-Cal and to have been found eligible for Medi-Cal without submitting a separate application and Social Security identification number. (42 U.S.C. § 1396a(e)(4); Cal. Code Regs., tit. 22, § 50262.3.)

---

[1] The Department also challenges the trial court's enforcement of the writ of mandate and orders during this appeal and seeks a stay. However, as noted *post*, the Department's request for a stay is now moot.

[2] Under state law, these children remain eligible regardless of any increase in the family's income. (Cal. Code Regs., tit. 22, § 50262.3.)

Eligibility for Medi-Cal, including deemed eligibility, is established by local county services agencies (also referred to as welfare agencies). (Cal. Code Regs., tit. 22, § 50101.) Neither state nor federal law specifies how qualifying infants must be located, identified, confirmed, or enrolled as "deemed eligible." (See 42 U.S.C. § 1396a (e)(4); Cal. Code Regs., tit. 22, § 50262.3.) The Department and county agencies have various procedures in place to confirm deemed eligibility, including instructing pregnant women receiving Medi-Cal to contact the county once the infant is born, contacting women who fail to contact the county before the end of the expected birth month, and encouraging health care providers, as well as parents, to use a simple, one-page newborn referral form.

All established Medi-Cal beneficiaries, including deemed eligible infants, are entitled to continue their benefits until they are found to be ineligible by a redetermination of eligibility by the county. (Welf. & Inst. Code, § 14005.37, subds. (a) & (d); 42 C.F.R. § 435.930.) Eligibility remains throughout the redetermination process. (Welf. & Inst. Code, § 14005.37, subd. (d).) If the information obtained through the redetermination process does not indicate a basis for eligibility, benefits may be terminated so long as due process requirements have been met. (*Id.* at § 14005.37, subd. (*l*); Cal. Code Regs., tit. 22, § 50179, subd. (a).)

B.  *Presumptive Eligibility and the Gateway Program.*

Presumptive eligibility is an optional federal program through which low-income uninsured children up to age 19 may obtain temporary Medi-Cal benefits before their eligibility for ongoing Medi-Cal has been determined. (42 U.S.C. § 1396r-1a; Welf. & Inst. Code, § 14011.7.) California implemented the Gateway program on July 1, 2003, as a vehicle for establishing presumptive eligibility, also referred to as "pre-enrollment."[3] The Gateway program expanded health care coverage by drawing in uninsured children under the age of 19 from families with incomes of up to 200 percent of the federal poverty level, and to encourage them to apply for ongoing coverage in the Medi-Cal and Healthy Families programs.[4] The Department refers to the Gateway program as providing a temporary safety net for indigent children to receive benefits.

The Gateway program is an electronic enrollment process that immediately establishes presumptive eligibility at health care provider offices.[5] Health care

---

[3] In California, presumptive eligibility is referred to as "pre-enrollment." (Welf. & Inst. Code, § 14011.7, subd. (a).)

[4] The Healthy Families program provides low-cost insurance to children under 19 who do not qualify for no-cost Medi-Cal. (Ins. Code, §§ 12693, 12693.04.)

[5] The electronic application may only be filed at periodic visits. (Welf. & Inst. Code, § 14011.7, subd. (d).)

providers utilize an electronic form to pre-enroll children through the Gateway program using the Internet or a point of service device. Presumptive eligibility initiated through the Gateway program provides temporary full-scope Medi-Cal benefits for two months. (Welf. & Inst. Code, §§ 14011.7, subd. (f), 14011.8, subd. (a).)

Under state and federal law, temporary presumptive eligibility (or pre-enrollment) benefits provided through the Gateway program automatically terminate at the end of the second month, unless an application for benefits is submitted. (42 U.S.C. § 1396r-1a (b)(2)(B); Welf. & Inst. Code, § 14011.8, subd. (a).) If an application is submitted, presumptive eligibility benefits continue until it is determined whether the child is eligible for ongoing Medi-Cal or Healthy Families coverage. (42 U.S.C. § 1396r-1a (b)(2)(B); Welf. & Inst. Code, §§ 14011.7, subd. (e)(4), 14011.8, subd. (b).) If an application is not submitted, the temporary benefits end without the necessity of further review or determination by the Department. (Welf. & Inst. Code, § 14011.8, subd. (a).)

As originally designed, the Gateway program did not collect the information necessary to confirm deemed eligibility status, such as whether the infant's mother was eligible for and receiving Medi-Cal, or whether the infant resided in the mother's household.

## PROCEDURAL HISTORY

Armando D. and his mother Maria D., individually and as guardian ad litem of Armando D., respondents herein, filed a petition for writ of mandate in July 2003, the month the Department began utilizing the Gateway program. The petition alleged that Armando D. was a "deemed eligible" infant because he was born in May 2003 to a mother receiving Medi-Cal benefits and he continued to reside in his mother's residence. The petition alleged that Armando D. entered the Medi-Cal system through the Gateway program. The petition further alleged that the Department was about to illegally terminate the Medi-Cal benefits of Baby Armando D. and other deemed eligible infants who began receiving benefits through the Gateway program.

In response, the Department stated that individuals in the presumed eligibility program had not yet been determined eligible for Medi-Cal benefits, thereby negating the duty to issue a notice of action prior to a termination of presumed eligible benefits. The Department admitted that Armando D. was a deemed eligible infant *if* the county had established his eligibility by verifying his mother's Medi-Cal eligibility at the time of birth and verifying that he resided with his mother in the month of his birth.

Otherwise, the Department denied that Armando D. was a deemed eligible infant.[6]

On September 12, 2003, the trial court issued a statement and order (the September 12 order) directing the issuance of a peremptory writ of mandate and directing the Department to: "[¶] 1) . . . refrain from terminating the Medi-Cal benefits of only those infant beneficiaries who are automatically deemed eligible for Medi-Cal pursuant to 22 CCR § 50262.3 and who began, or will begin, receiving Medi-Cal benefits through [the] Gateway program; [¶] 2) . . . refrain from terminating the Medi-Cal benefits of only those infant beneficiaries who are automatically deemed eligible for Medi-Cal pursuant to 22 CCR § 50262.3 and who began, or will begin receiving Medi-Cal benefits through [the] Gateway program, without a prior re-determination of eligibility . . . ."

Following the issuance of the trial court's September 12 order, respondents filed a motion to compel compliance and sought an order to show cause re contempt on the grounds that the Department had refused to confirm that it would comply with the court's order. Thereafter, the Department moved for modification, clarification, and/or reconsideration of the September 12 order. In support of this motion, the Department presented evidence that the Gateway application did not collect the information necessary to establish deemed eligibility and that there was no way to "refrain from terminating the benefits of only deemed eligible infants" without stopping the termination of presumptive eligibility benefits for all Gateway-enrolled infants.[7]

The trial court denied the Department's motion and declined to issue an order to show cause with respect to contempt, but ordered the parties to meet and confer on a plan for compliance with the September 12 order. The trial court then scheduled further compliance hearings.

In conjunction with the compliance hearings, the Department submitted evidence that a recent change in state law, adopted by Assembly Bill 1762 (2003–2004 Reg. Sess.) in August 2003, allowed the Department, at its option, to implement a deemed eligibility component to the Gateway. The Department presented a sworn declaration of a staff services manager stating that the Department had already begun making changes to coordinate a deemed eligibility component into the existing Gateway process. However, the Department estimated that permanent changes would take until April 1, 2004 to complete.

---

[6] Due to the protective order, the Department was barred from verifying Armando D.'s actual Medi-Cal status.

[7] Nothing in the record indicates that Armando D. was actually terminated from coverage. At the oral argument, Respondents' counsel referred to a "group [of babies] that lost coverage in August and then in September." However, based on the record before us, this assertion cannot be verified.

On November 24, 2003, the trial court issued a compliance order recognizing the Department's intention to make permanent changes to the Gateway program. However, the court determined that an interim compliance plan, modeled on the standard Medi-Cal redetermination procedures set forth in Welfare and Institutions Code section 14005.37, was necessary to "preserve the status quo and prevent irreparable injury." The trial court ordered the Department to use its "best efforts" to identify deemed eligible infants who began coverage through the Gateway program by "utilizing [its] expertise and discretion . . . to determine the best means of identifying infants who meet the criteria for deemed eligibility and establishing their Medi-Cal eligibility during the presumptive eligibility period." The court ordered the Department to refrain from terminating benefits of any infant under age one who began receiving Medi-Cal benefits through the Gateway program who the Department could reasonably identify, using the information already in its possession. Additionally, the trial court ordered the Department to identify and reinstate Medi-Cal benefits for deemed eligible infants who began receiving benefits through the Gateway program and whose benefits were terminated for failure to submit a Medi-Cal application and who could be identified after the infant's presumptive eligibility period ended. A writ of mandate pursuant to Code of Civil Procedure section 1085 was issued on November 25, 2003.

On December 15, 2003, the Department filed a notice of appeal of the writ of mandate and the September 12 and November 24 orders. Following the filing of the Department's notice of appeal, respondents filed a memorandum to enforce the November 24 compliance order. Respondents argued that the September 12 and November 24 orders and writ were prohibitory and were not stayed pending appeal. The Department objected on the ground that further proceedings in the trial court were automatically stayed by Code of Civil Procedure section 916, subdivision (a). On February 9, 2004, the trial court found the orders and writ were not automatically stayed on appeal; it ordered a compliance report and scheduled an additional compliance hearing. The Department filed a separate notice of appeal of the February 9 order on March 17, 2004.[8]

On April 15, 2004, we issued an immediate stay of all proceedings.[9] On April 28, 2004, we issued an alternative writ on the grounds that an order directing the issuance of a writ of mandate is automatically stayed pending

---

[8] The Department's two appeals have been consolidated.

[9] Pursuant to Evidence Code sections 452 and 459, we hereby take judicial notice of our writ of supersedeas file in case No. A104965.

appeal. After the trial court entered an order staying the proceedings, we dissolved the stay and discharged the alternative writ.[10]

Although the enforcement orders have been stayed, the Department has completed the changes to the Gateway program's electronic enrollment system. As of June 1, 2004, the electronic Gateway program form now includes questions needed to identify whether an infant is deemed eligible. Specifically, the form includes a line pertaining to infants under the age of one year, which asks whether the infant lived with the mother in the month of birth and asks for the mother's date of birth and benefit identification and Medi-Cal or Social Security number.

## DISCUSSION

### A. *Standard of Review.*

"On appeal following a trial court's decision on a petition for a writ of mandate, the reviewing court ' "need only review the record to determine whether the trial court's findings are supported by substantial evidence." ' [Citation.] However, we review questions of law independently. [Citation.]" (*Alliance for a Better Downtown Millbrae v. Wade* (2003) 108 Cal.App.4th 123, 129 [133 Cal.Rptr.2d 249].) Where, as here, the issue involves statutory interpretation, we exercise our independent judgment and review the matter de novo. (*Ibid.*; *Woodbury v. Brown-Dempsey* (2003) 108 Cal.App.4th 421, 430 [134 Cal.Rptr.2d 124].)

### B. *No Clear, Present, and Ministerial Duty Justifies the Writ or Related Orders.*

A writ of mandate will lie only "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station . . . ." (Code Civ. Proc., § 1085, subd. (a).) An action commanded cannot control an exercise of discretion, i.e., to compel an administrative agency to exercise its discretion in a particular manner. (*Common Cause of California v. Board of Supervisors* (1989) 49 Cal.3d 432, 442 [261 Cal.Rptr. 574, 777 P.2d 610]; *Sklar v. Franchise Tax Board* (1986) 185 Cal.App.3d 616, 622 [230 Cal.Rptr. 42].) However, mandamus may issue to compel the exercise of discretion, i.e., to compel some action upon the subject involved. (*Common Cause of California v. Board of Supervisors, supra,* 49 Cal.3d 432, 442; *Sklar v. Franchise Tax Board, supra,* 185 Cal.App.3d 616, 622.)

---

[10] Inasmuch as the trial court has stayed the enforcement of its orders, the Department's request for a stay is moot. The Department's appeal of the February 9 order enforcing compliance while the instant appeal was pending is hereby dismissed as moot.

■ " 'Two basic requirements are essential to the issuance of the writ: (1) A clear, present and usually ministerial duty upon the part of the respondent [citations]; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty [citation].' " (*Loder v. Municipal Court* (1976) 17 Cal.3d 859, 863 [132 Cal.Rptr. 464, 553 P.2d 624], quoting *People ex rel. Younger v. County of El Dorado* (1971) 5 Cal.3d 480, 491 [96 Cal.Rptr. 553, 487 P.2d 1193].) Inasmuch as respondents fail to satisfy the first of these requirements, we need not reach the second. (*Loder v. Municipal Court, supra,* 17 Cal.3d at p. 863.)

### 1. *State and Federal Law Create No Duty.*

■ As discussed, the Gateway program is an electronic means of providing presumptive eligibility benefits. State and federal law are clear—presumptive eligibility or pre-enrollment benefits are temporary and are required to terminate at the end of the statutory period without further determination by the Department, unless an application has been filed prior to the end of the statutory period. (42 U.S.C. Code § 1396r-1a (b)(2)(B); Welf. & Inst. Code, § 14011.8, subd. (a).) Equally clear is state and federal law pertaining to deemed eligibility. Deemed eligible infants are treated as if they have submitted a Medi-Cal application and have had a final, favorable eligibility determination. (42 U.S.C. § 1396a (e)(4); Cal. Code Regs., tit. 22, § 50262.3.) Additionally, deemed eligible infants are entitled to continue their benefits until they are found to be ineligible by a redetermination of eligibility by the county. (Welf. & Inst. Code, § 14005.37, subds. (a) & (d); 42 C.F.R. § 435.930.)

■ Respondents do not refute the provisions of the presumptive eligibility law, but argue that the Department has a duty to give legal effect to deemed eligible infants and the laws of redetermination in its Gateway program. By this argument, respondents are, in essence, importing the requirements of deemed eligibility law into the presumed eligibility law. However, the plain language of the applicable statutes and regulations indicate that deemed eligibility and presumptive eligibility are two separate and distinct methods of establishing a child's eligibility for medical benefits, with different temporal limits and procedures.

Section 1396r-1a(b)(2) of title 42 of the United States Code provides that the presumptive eligibility period "(A) begins with the date on which a qualified entity determines, on the basis of *preliminary information*, that the family income of the child does not exceed the applicable income level of eligibility under the State plan, and [¶] (B) *ends with (and includes) the earlier of*—[¶] (i) the day on which a determination is made with respect to the eligibility of the child for medical assistance under the State plan, or [¶]

(ii) in the case of a child on whose behalf an application is not filed by the last day of the month following the month during which the entity makes the determination referred to in subparagraph (A), such last day." (Italics added.)

Additionally, Welfare and Institutions Code section 14011.8, subdivision (a) provides: "Benefits provided to an individual pursuant to a *preliminary determination* as described in Section 1396r-1, 1396r-1a, or 1396r-1b of Title 42 of the United States Code *shall end, without the necessity for any further review or determination by the department*, on or before the last day of the month following the month in which the *preliminary determination* was made, *unless an application for medical assistance under the state plan is filed on or before that date*." (Italics added.)

■ Unlike presumed eligibility, deemed eligibility establishes actual ongoing Medi-Cal benefits during the first year of life. Specifically, 42 United States Code section 1396a (e)(4) provides: "A child born to a woman eligible for and receiving medical assistance under a State plan on the date of the child's birth *shall be deemed to have applied for medical assistance and to have been found eligible* for such assistance under such plan on the date of such birth and to *remain eligible* for such *assistance for a period of one year* so long as the child is a member of the woman's household and the woman remains (or would remain if pregnant) eligible for such assistance . . . ." (Italics added.)

Similarly, under California Code of Regulations, title 22, section 50262.3, subdivision (b), "Infants born to women who are eligible for and receiving Medi-Cal at the time of birth are *automatically deemed eligible for one year without a separate Med-Cal application* and social security identification number. In addition, these infants *shall remain eligible*, regardless of any increases in the family's income, as long as the following conditions continue to apply: [¶] (1) the infant continues to live with his/her mother; and [¶] (2) the mother remains eligible for Medi-Cal or would have remained eligible if she were still pregnant." (Italics added.)

■ We find nothing in the relevant state and federal law that requires the Department to apply the deemed eligibility and redetermination laws in the operation of its Gateway program. As originally designed, the Gateway program did not "enroll" children in Medi-Cal or otherwise make them eligible for Medi-Cal. Instead, it provided temporary "pre-enrollment" benefits, based on "preliminary information," before Medi-Cal eligibility was established.

The State Medicaid Manual confirms that persons obtaining presumptive eligibility benefits have not been determined eligible for Medi-Cal and that

redetermination requirements do not apply.[11] Specifically, as to pregnant women, the manual provides: "<u>If a presumptively eligible woman fails to file a regular Medicaid application</u>, you do not need to take any action when her presumptively [*sic*] eligibility ends. In this case, the recipient was covered under a special time-limited status. *Because she was never actually determined eligible for Medicaid*, the notice and appeal rights of the Medicaid program do not apply."[12] (State Medicaid Manual, § 3570, ¶ E; underlining original, italics added.) Another provision pertaining to continuous eligibility for children states that it "applies *only after actual eligibility for regular Medicaid has been established. It does not apply to children who have been determined only presumptively eligible* under § 1920A of the [Social Security] Act, or who are presumptively eligible pregnant women under § 1920A of the Act . . . ." (State Medicaid Manual, § 3307.2, italics in original.)

As the Gateway program did not make final eligibility determinations, the redetermination process did not apply. (See Welf. & Inst. Code, § 14005.37.) Respondents present an impassioned argument that the Gateway program should have recognized and established deemed eligibility for Medi-Cal; however, we find no state or federal authority creating a duty requiring the Department to act as ordered by the trial court.[13]

> 2. *Welfare and Institutions Code section 14011.7, subdivision (b)(2) Vests the Department With Discretion to Use the Gateway Program to Enroll Deemed Eligible Infants.*

█ In August 2003, the Legislature amended Welfare and Institutions Code section 14011.7, subdivision (b)(2) to provide that: "The department *may, at its option,* also use the electronic application . . . as a means to enroll newborns into the Medi-Cal program as is authorized under Section

---

[11] Pursuant to Evidence Code sections 452 and 459, we took judicial notice of the State Medicaid Manual. The State Medicaid Manual is provided to states by the federal government and provides federal direction on specific provisions of the Social Security Act. The instructions in the State Medicaid Manual are "official interpretations of the law and regulations, and, as such, are binding on Medicaid State agencies." (State Medicaid Manual, Foreword, ¶ B. 1.)

[12] Although the section cited addresses the presumptive eligibility of pregnant women, we find it instructive as the statutory provisions governing presumptive eligibility for pregnant women closely parallel those for presumptively eligible children. (Compare 42 U.S.C. § 1396r-1 with 42 U.S.C. § 1396r-1a.)

[13] Respondents also argue that the Department violated its duties to ensure that deemed eligible infants receive and retain Medi-Cal benefits and that benefits be provided "promptly and humanely" as required by Welfare and Institutions Code sections 10500 and 10000. This argument, like the previous arguments, is based on the incorrect premise that the Department had a duty to apply the deemed eligibility laws in the operation of its Gateway program. We note that sections 10500 and 10000 are not limited to deemed eligibility infants. However, respondents make no claim that these sections were violated with respect to presumptively eligible individuals.

1396a(e)(4) of Title 42 of the United States Code." (Welf. & Inst. Code, § 14011.7, subd. (b)(2), as amended by Stats. 2003, ch. 230 § 57, p. 1911 eff. Aug. 11, 2003, italics added.) Ordinarily, the word "may" connotes a discretionary or permissive act, whereas the word "shall" connotes a mandatory or directory duty. (*Woodbury v. Brown-Dempsey, supra,* 108 Cal.App.4th at p. 433.) The Legislature is presumably aware of the ordinary meaning assigned to the words "may" and "shall." By using the word "may" in enacting subdivision (b)(2), a discretionary rather than a mandatory duty was assigned to the Department.

Respondents argue that the amendment to Welfare and Institutions Code section 14011.7, subdivision (b) does not authorize the Department to violate the laws of deemed eligibility and redetermination. We agree that the amendment does not vest the Department with discretion to ignore the laws of deemed eligibility and redetermination. However, construing subdivision (b)(2) as prescribing a permissive rather than mandatory act does not lead to this result. The Legislature is presumably aware of the deemed eligibility and redetermination laws. (See *Bailey v. Superior Court* (1997) 19 Cal.3d 970, 977, fn.10 [140 Cal.Rptr. 669, 568 P.2d 394], superseded by statute on another ground as stated in *Emerson Electric Co. v. Superior Court* (1997) 16 Cal.4th 1101, 1109 [68 Cal.Rptr.2d 883, 946 P.2d 841]; see also *County of Los Angeles v. Frisbie* (1942) 19 Cal.2d 634, 644 [122 P.2d 526] ["it is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law . . . ."] The Legislature's use of the word "may" is consistent with the conclusion that deemed eligibility and presumptive eligibility are two distinct forms of Medi-Cal benefits. We see no anomaly in the fact that the Legislature did not prescribe or assign a mandatory act.

While the use of the Gateway program to establish deemed eligibility might further statutory goals or more effectively accomplish the statutory purpose of deemed eligibility, no statute required the use of the Gateway program for this purpose.[14] Thus, requiring the Department to: (1) refrain from terminating the benefits of Gateway program enrolled infants without a

---

[14] The Department cites to Senate Bill 24 (2003–2004 Reg. Sess.) as confirming that there is no duty to act as ordered by the trial court. However, Senate Bill 24 does not pertain to the relevant Gateway program statutes at issue in the instant case. (Welf. & Inst. Code §§ 14011.7 and 14011.8 as added by Stats. 2002, ch. 1161, sections 45 and 47.) Rather, it pertains to the enactment of new statutory provisions regarding the development of a Prenatal and Newborn Gateway program, now codified at Welfare and Institutions Code sections 14148.03 and 14148.04 as added by Stats. 2003, ch. 895, §§ 2–3.) We find no need to resort to the legislative history of a different law. We also decline to consider a recent letter from Department of Health & Human Services, Centers for Medicare and Medicaid Services, which the Department contends confirms that the presumptive eligibility period is limited and that there is no mandatory state duty to use the presumptive eligibility process to establish deemed eligibility.

prior redetermination of eligibility; (2) take actions to identify infants entering through the Gateway program who could be deemed eligible for Medi-Cal; or (3) "reinstate" Medi-Cal benefits to infants whose presumptive eligibility period has ended, improperly controlled the Department's discretion in implementing its Gateway program.[15]

## DISPOSITION

The judgment is reversed and the matter remanded to the trial court with directions to enter a judgment denying the petition.

Kay, P. J., and Rivera, J., concurred.

Respondents' petition for review by the Supreme Court was denied March 2, 2005. George, C. J., did not participate therein.

---

The Department provides no authority justifying the use of this letter as indicia of regulatory policy.

[15] Having reached this conclusion, we need not address the Department's argument that the writ was "unnecessary" because it had already begun expanding the Gateway program before the trial court's September 12, 2003 order.